DANIEL J. HANSELL, Appellant, v. SWAN ERICKSON, Appellee.

APPEAL FROM HENRY.

When a person agrees to work for another for a certain period, and perform such services as are incident to his employment, at an agreed price, if he quits the service without cause or consent, he cannot recover for his labor upon a *quantum meruit.* The special contract must govern.

A contract to work a given number of months at a fixed price per month, is an entire contract, extending for the whole number of months.

A witness can only be impeached by a direct attack upon his testimony and character. His manner, prejudices, capacity, etc., are to be considered by the jury, but unless directly impeached if he is corroborated, a witness should not be discredited.

THIS was an action commenced before a justice of the peace in Henry county, and taken by appeal to the Circuit Court. The plaintiff below sought to recover on *quantum meruit* for work and labor. The defendant below, appellant here, claimed that what services had been rendered, were so rendered under a contract made by appellee to work for several months at fifteen dollars per month, but he had quit work before the expiration of the time agreed upon. The proof sustained the position assumed by appellant, it appearing that appellee had worked about four months and a half, and left the employment of appellant without his consent, and without reason. It did not appear that appellee had not been properly treated, nor that he had been called to perform any other labor than that incident to farming, which was the understanding at the time of his engagement.

The appellee recovered a judgment for $67.50.

The second and fourth instructions given for the plaintiff below, on the trial in the Circuit Court, were as follows :

A witness may be impeached or his testimony overthrown or weakened by other witnesses, his manner on the stand, his feelings towards the parties, inconsistency in his statements, his want of intelligence, or the means of knowing the facts of which he testifies. If the jury believe that any of the witnesses in this case have been impeached in any of the above

modes, the jury will be justified in disregarding their evidence, unless such evidence has been sustained by other evidence in the case.

In this case, the plaintiff has the right, in the first instance, to recover from the defendant for the value of his labor proved in the case; and if the jury believe, from the evidence, that the plaintiff worked for the defendant, under a contract by which he had agreed to work for the defendant seven months at $15 per month, and that by said contract it was agreed that the plaintiff should receive his pay at the expiration of each month, and the defendant did not pay him, the plaintiff had the right to quit the service of the defendant and sue for what he had done.

J. I. BENNETT, for Appellant.

Cited, 4 Gilm. 66; 1 Scam. 53; 2 Scam. 69; Ibid. 368; 13 Ill. 78; 1 Gilm. 14; Breese, 270; 11 Ill. 193; 25 Ill. 242; 1 Scam. 491; 1 Gilm. 160; 2 Gilm. 96; 12 Johns. 165; 13 Johns. 24; 2 Stark. 256; 4 Blackf. 24; 13 Verm. 268; 6 Monroe, 609; 19 Pick. 349; 1 Par. 541; 14 Johns. 326; 8 C. & P. 126; 8 Cowen, 63; 7 Missouri, 64.

M. T. PETERS, for Appellee.

BREESE, J.   The principles involved in this case have been so long settled that it seems a waste of time to argue upon them.   This case does not differ materially from those of *Eldridge* v. *Rowe*, 2 Gilm. 96, *Badgely* v. *Heald*, 4 ib. 66, and *Swanzy* v. *Moore*, 22 Ill. 62, decided by this court, and they are in conformity with the decisions of many of the States of this Union.

The principle is, that when a person agrees to work upon the farm, or other business, of another, in the performance of such services as are usually incident to the kind of business for which he is engaged, for a certain time, for a certain sum to be paid for such labor, and quits the service without cause and without the consent of his employer, before the end of the time agreed upon, he cannot recover for his work and labor, as upon a *quantum meruit.*   The special contract must govern,

and such contracts are mutual and attended with no hardship, for if the employer discharges his servant without cause, he can recover against him for the whole time agreed upon.

The pretext that appellee was a Swede, and did not understand our language, is too flimsy to deserve notice. He made the contract—it is abundantly proved, and he must abide by it. He left his employer in the midst of his harvest, probably under the promise, from some meddlesome person, to give him higher wages. This is contrary to justice and good morals, and cannot be tolerated.

The fourth instruction given for the plaintiff below is not the law, nor is there any testimony to the point that defendant had agreed to pay him monthly. In the case of *Badgely* v. *Heald*, 4 Gilm. 66, we said, a contract to work six months, at eight dollars per month, was an entire contract, as much so as if the agreement had been to work the six months for forty-eight dollars.

The second instruction should not have been given. A witness can be impeached only in one way, by a direct attack upon his testimony and character. His manner on the stand, his feelings toward the parties, inconsistency in his statements, his want of intelligence, or the means of knowing the facts of which he testifies, are grounds to justify the jury in discrediting a witness, but if he is corroborated, his testimony ought not to be rejected.

There is no proof that any witness was impeached in any mode, and therefore the instruction should not have been given.

The judgment is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.

*Judgment reversed.*