# The Chicago West Division Railway Company

*v.*

# Edye Bert.

1. Evidence—*instruction as to credibility of witness.* On the trial of a case where the plaintiff, a man of culture, testified, while the witnesses on the other side were Germans, apparently of little education, and one or two of whom spoke English quite imperfectly, the court instructed the jury that a witness might be impeached just as effectually by his manner of testifying, his feelings towards the parties, inconsistency in his statements, if any, *his want of intelligence,* or the want of means of knowing the facts of which he testifies, as by the direct testimony of other witnesses: *Held,* that the instruction was erroneous, as it was calculated to give the jury to understand that a witness might be just as effectually impeached by a lack of intelligence as by the positive testimony of other witnesses.

2. Negligence—*injury from street car and plaintiff negligent.* Where the plaintiff is driving with his buggy upon a horse railway track when a car is approaching from the opposite direction toward him, at a short distance and in plain sight, it is his duty to turn off the track to avoid a

*o*

collision, and if he does not do so, through negligence or wilfulness, and a collision ensues, he can not recover against the railway company, even if the latter was also in fault, unless the company or its servants wilfully causes the injury, or are guilty of such negligence or reckless conduct as that the plaintiff's is slight when compared with it.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. AYER & KALES, for the appellant.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This suit was brought by the appellee to recover damages for a personal injury received by him on the 2d day of June, 1872, on Milwaukee avenue, in the city of Chicago, through the alleged negligence of a servant of the appellant. A horse railway track, belonging to appellant, had been laid upon the street, and the injury resulted from a collision of the buggy in which the appellee was driving, with a car of the railway company. The accident occurred on Sunday afternoon. The appellee was driving down Milwaukee avenue towards the centre of the city, and the car was proceeding in the opposite direction.

The testimony relied upon to show neglect or carelessness on the part of the driver of the car, was that of the appellee himself. His statement was, that there was no obstacle to prevent his seeing the approach of the car; that he commenced to turn out for the car at the point where a turn-out or side-track branches out from the main track of the railway, and that he was prevented from getting off in season to avoid the collision by the sliding of the wheels of his buggy upon the rail; that the driver of the car was proceeding at a fair trot; that appellee shouted to him to stop; that the driver did not listen to him, but drove on without abating his speed, and the front platform of the car struck the back part of the

fore-wheel of the buggy, and threw him upon the pavement. There were four witnesses examined in behalf of the defendant, two of whom, one being the driver, testified that the car driver was approaching the upper switch with his horses upon a walk; that the appellee did not stop, but drove on to the side track, and the car was brought to a halt; that the front platform of the car did not strike the buggy at all, but as the buggy was passing, its fore-wheel ran under the rail of the car and hit its side, and if the buggy had stopped, there would have been no collision. A verdict and judgment were rendered against the company in the court below, and the case comes here upon appeal.

Among the errors assigned are, that the court gave improper and refused proper instructions.

One instruction given on behalf of the plaintiff was the following:

"A witness may be just as effectually impeached by his manner of testifying, his feelings toward the parties, inconsistency in his statements, if any, his want of intelligence, or the want of means of knowing the facts of which he testifies, as by the direct testimony of other witnesses."

We think this instruction should not have been given. It might well give the jury to understand that a witness might be just as effectually impeached by a lack of intelligence, as by the positive testimony of other witnesses.

As a general proposition, the trustworthiness of a witness is not to be graduated according to his intelligence. The plaintiff in this case was a member of a learned profession, a physician, a man evidently of some culture. The four witnesses for the defendant were Germans, apparently of little education, one or two of whom could speak English only quite imperfectly. The jury might well have been misled, by the instruction, to understand that they were at liberty to disregard the testimony of defendant's witnesses, on the ground that they were deficient in intelligence. A similar instruction was held erroneous in *Hansell* v. *Erickson*, 28 Ill. 257.

The following instruction, asked by the defendant, was refused:

"10. The jury are instructed that the plaintiff had no right to drive upon the railway track so as to obstruct or unnecessarily interfere with the passage of the defendant's cars, and if he persisted in driving upon said track and continued thereon without necessity when a car was approaching at a short distance, and in plain sight, from an opposite direction, he was bound to exercise more care and diligence than he would in driving upon a common pavement to see that the car was not impeded and to avoid collision. It was his duty, under such a state of facts, to turn out to avoid the car, the driver of the car being unable to turn to the right or to the left, and if, through negligence or wilfulness on his part in this respect, a collision ensued, he is not entitled to recover damages against the company, even if the latter were also in fault, unless the company or its servant wilfully caused the injury or were guilty of a higher degree of negligence or recklessness in comparison with which the blame attaching to the plaintiff was slight or trivial."

This instruction contains a fair statement of the law bearing upon the facts of the case, as shown by the evidence, and, as we think, should have been given.

We do not perceive that it was fully covered by any instruction that was given.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*