WILLIAM THRIFT

v.

WILLIAM PAYNE.

1. CONTRACT—*when entire, it must be fully performed.* To recover for wages under a contract to work for a specified length of time, a plaintiff must show full performance on his part, or a release by his employer, or some justifiable cause for leaving.

2. SAME—*what is an abandonment.* Where a plaintiff, who had engaged to work for a certain length of time for the defendant, got the consent of his employer, before his time expired, to absent himself for a short time, and was absent a few days longer than he expected to be, but held himself subject to his employer's control, and returned and worked for him again until after the expiration of the time for which he engaged, it was held that there was no abandonment of the contract, and that plaintiff was entitled to recover on it.

APPEAL from the Circuit Court of Macon county, the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Mr. JOHN W. SMITH, for the appellant.

Messrs. PARK & LEE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action originally brought before a justice of the peace of Macon county, to recover for work and labor under a contract. The plaintiff had judgment, from which the defendant appealed to the circuit court, and, on trial there by a jury, a verdict was rendered, under instruction of the court, for the plaintiff, and on which, overruling a motion for a new trial, the court entered judgment. To reverse this judgment the defendant appeals, and makes his principal point on the instructions.

It is conceded, the contract between these parties, that plaintiff should work for the defendant eight months, for one

hundred and sixty dollars, or twenty dollars per month, was an entire contract, preventing a recovery, unless plaintiff should show he had performed the contract, or had been discharged from its performance, by the defendant, in some way.

The facts show that plaintiff, after working from March 6th, the time of commencement, until the 29th of September, near seven months, obtained permission of the defendant to absent himself for a few days, in order to take care of a crop of hay of his own, and overstaid his time, but did return to the defendant's work, on his request, and so continued at intervals until the 9th of November, when he left defendant's employment, without any notice to him. At this date, the term— eight months—had fully expired. It would seem, from the testimony, that, from the time he received permission from his employer to leave and attend to his hay, he considered himself, during all that time, subject to the control of his employer, for whenever notified he was wanted, he repaired to the work of his employer.

Under these circumstances, the question is presented, was there such an abandonment, or breach of the contract, by the plaintiff, as to bar a recovery.

It is the doctrine of this court, and of many others, that to recover on an entire contract like this, the plaintiff must show full performance on his part, or a release by his employer, or some justifiable cause compelling him to leave. *Eldridge* v. *Rowe,* 2 Gilm. 98; *Badgley* v. *Heald,* 4 ib. 64; *Hansell* v. *Erickson,* 28 Ill. 257; *Swanzey* v. *Moore,* 22 ib. 63.

The effect of this absence by the plaintiff was fairly put to the jury, as was the whole case, by the instructions, and we concur in their finding, that this absence, permitted for a few days, was not, by being extended beyond a few days, an abandonment of the contract, and of plaintiff's employment. But one month and more, after the term of hiring had expired, defendant wrote a letter to the plaintiff, proposing to pay him the balance he supposed due him, which he stated at forty-two dollars and twenty cents. Defendant testifies, this letter

was written in the spirit of a compromise, but it does not show this on its face. It says: " I am willing to pay you as soon as I can—will do so—the sum of $42.20, dollars and twenty cents." This goes far to fortify other testimony in the record, that he had waived the supposed abandonment of the contract.

Now, what did the jury do ?· They found due the plaintiff forty-nine dollars and seventy-six cents, exceeding the amount offered by plaintiff only seven dollars and fifty-six cents, and, by calculation, it is certain the jury allowed the defendant full credit for plaintiff's lost time, caused by his overstaying his permitted absence.

We do not perceive any error in the finding or judgment, and think justice has been done; we, therefore, affirm the judgment.

*Judgment affirmed.*