## LELIA P. ROBY ET AL.
### v.
## LOUISA MURPHY.

*Master and Servant—Recovery of Wages—Evidence—Instructions— Modification of.*

1.  In an action for the recovery of wages claimed to be due, the declaration being the common counts in assumpsit, this court holds as erroneous the introduction of evidence relating to domestic broils which led to the termination of the contract of service.

2.  The modification of inaccurate instructions is proper.

[Opinion filed April 3, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. WOLFRED N. Low, for appellants.

Mr. M. J. GORMAN, for appellee.

Gary, J. This is an action under the statute, by the appellee against the appellants as husband and wife, for wages as a servant in the family.

The declaration is on the common counts in assumpsit. On the trial the appellee was allowed to testify, over the objection and exceptions of the appellants, in answer to the question, "How did you come to leave their employ then?" to a stormy, ending of the relations of the parties, in which, if the appellee gave a correct version of it, the conduct of the wife was very likely to induce a jury to believe, that whatever they might do for the appellee would be no injustice to the appellants. There was no issue under which this testimony was admissible. The plea was the general issue.

Under this plea the appellants might have set up that appellee had wrongfully quitted their service, which under some circumstances would be a complete defense. Hansell v. Erickson, 28 Ill. 257, and cases there cited; and under other, a ground for recoupment; and then and not before would there have been an issue to which such testimony would have been applicable. But the appellants attempted no such defense and so the original error of admitting the testimony was not cured. An ill-tempered criticism is made of the modification by the court of an instruction asked by them, shown by the italics, as follows:

"The jury are instructed that they can not presume the defendant forged receipts over the signature of the plaintiff, but the receipts are to be received with the presumption that they were regularly made, *and this presumption must prevail until overcome by proof*, and the jury will consider the whole testimony concerning them." Without modification it was wrong. The whole evidence in the case, as well the receipts as the testimony attacking them, was before the jury.

It is not true that after evidence against the receipts the jury were to receive them with the "presumption that they were regularly made." In its weakest sense a presumption is a probability of the truth of what is presumed. The word "until" was improperly used instead of "unless," but these words with such a context are so commonly used as synony-

mous that the appellants so understood them, and in their specification of exceptions to instructions, quoted this modification as "unless." The practice of modifying incorrect instructions has been so often approved by the Supreme Court that it will be a vain parade to cite cases.

For the error in admitting the testimony the judgment is reversed and the cause remanded for a trial of the issue whether the appellants owe the appellee anything, and if anything, how much.

*Reversed and remanded.*