## J. B. CURLEE

### v.

## JACOB REIGER.

*Master and Servant—Contract of Employment—Entirety—Breach by Employe—Excuse.*

1. Where one party agrees to work for another for a certain time for a certain price, he must fully perform his contract and work for the

Curlee v. Reiger.

time agreed, or he can not recover, unless released by his employer, or some legal excuse for his failure is shown.

2.   Upon the case presented, this court holds that the jury were warranted in finding that the plaintiff was excused from full performance on his part and that a verdict in his favor should be sustained.

[Opinion filed September 9, 1892.]

Appeal from the Circuit Court of Perry County; the Hon. George W. Wall, Judge, presiding.

Mr. R. W. S. Wheatley, for appellant.

Mr. John Boyd, for appellee.

Mr. Justice Green. Appellee recovered a judgment against appellant for $39 and costs for work and labor, and the latter took this appeal.   It is not denied plaintiff worked as a farm hand for defendant during a period of three months, nor is it claimed the verdict was for too large a sum if the plaintiff was entitled to recover; but the defense set up and relied on is, that the appellee agreed to work for the appellant for five months for $65, and quit before the expiration of that term without cause or consent of his employer.   Hence, having failed to fully perform his contract he was not entitled to recover, and the verdict should have been set aside.   The law in this State is that if one agrees to work for another a specified time for a certain price, he must fully perform his contract and work for the time he agreed to or he can not recover, unless he is released by his employer from a full performance of his contract, or some legal excuse for such failure is shown.   There is some conflict in the testimony as to the terms of the contract between the parties, but even if it be conceded the fact was established by a preponderance of the evidence that a contract was made as claimed by appellant, and the appellee quit, and did not work during the entire term, yet, if the jury believed the testimony of the appellee in preference to that of the appellant, they were justified in finding the former left the work with the latter's consent, to

be absent for a short time, and for certain purposes then made known to his employer, and when he returned was told by appellant he would let him off three or four days longer; that he could go home, and when appellant wanted him to return he would let him know; that for several weeks after this, appellee waited to be notified; entered into no other employment and held himself in readiness to return to work for appellant but received no word from him. He then called on the latter and demanded pay for the time he had worked; payment was refused and this suit was brought. Appellant denied the material facts testified to by appellee, and gave a different version of the affair, but it was the province of the jury to give credit to that testimony they believed best entitled to credit, and they doubtless found the facts to be as stated by appellee. If so it could fairly be implied that appellant released him from a full performance, and appellee acquiesced and did not insist on being given employment for the full term. Hence there was no breach of the contract by appellee that would bar his recovery.

In Thrift v. Payne, 71 Ill. 408, a case in its facts much like this, it is said in the opinion, in this case the plaintiff was permitted to absent himself for a few days and overstayed his time, but held himself subject to the control of his employer, and it was held not to be such an abandonment or breach of the contract as to bar a recovery. Complaint is made of an instruction given on behalf of appellee, but we find no reversible error in giving it in connection with the instructions given the jury on behalf of appellant.

The judgment is affirmed.

*Judgment affirmed.*