## James M. Flower et al. v. John L. Beveridge et al.

1. LIMITATIONS—*Money Paid by Mistake.*—When money is paid by mistake, the cause of action to recover it back accrues immediately upon its payment.

Assumpsit, for the recovery of money paid by mistake. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration, special and common counts; pleas, general issue and statute of limitations; trial by the court; finding and judgment for defendant; appeal by plaintiff; submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

WILLIAM M. BOOTH and JAMES S. HARLAN, attorneys for appellants.

H. H. C. MILLER and W. S. OPPENHEIM, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This suit was commenced March 28, 1892, by the appellants, against the appellees, to recover back sums of money, in the aggregate amounting to $2,490.33, paid by the former to the latter from June 30, 1883, to July 14, 1884. The appellees pleaded that the cause of action did not accrue within five years, on which issue was taken.

The facts, as the appellants claim them to be, are that they were the attorneys of the appellees, and as such collected from the assets of the defunct firm of Fay & Conkey the sums sued for, and paid them over to the appellees upon a judgment in favor of one Graves, and which by assignment the appellees owned, against Fay & Conkey, and which judgment entitled the appellees, as against Fay & Conkey, to the money.

June 21, 1887, in a chancery suit in the United States Circuit Court for the Northern District of Illinois, pending at the time of such payments, in which one Hancock, for whom the appellants were also attorneys, was receiver, and

to which suit the appellants were parties, it was held that Hancock, as receiver, received that money, and a decree was entered that his executrix should pay it to the clerk of that court. The appellants paid it to that clerk, June 24, 1887.

The appellees were not parties to that suit.

Without recapitulating the evidence, we may assume that the appellants did collect the money in the interest of the appellees; that the appellees at that time so understood and regarded the appellants as their attorneys and that the appellants so regarded themselves.

Now if the appellants were acting in the interest, and for the benefit, of the appellees, and with their assent, the doctrine that the principal must indemnify his agent for losses in the course of transacting the business (First Nat. Bk. v. Tenney, 45 Ill. App. 544), is applicable, so far, at least, as to require the appellees to return to the appellants money, which they were compelled to pay again elsewhere. And any erroneous opinion by the appellants under which they paid to the appellees would probably not bar them from a recovery. In such case the appellants' right of action would accrue when, and not before, the appellants were compelled to pay again. Israel v. Reynolds, 11 Ill. 218. But unfortunately for them, the appellants were not compelled to pay again.

The whole decree against the executrix was $6,650.32. It was not against the appellants. It was made by a court not having jurisdiction. Graves v. Corbin, 132 U. S. 57, where there is a long history of the principal facts. From it she had the right of appeal. Hinckley v. Gilman, etc., R. R., 94 U. S. 467.

The decree was entered June 21st, and the appellants paid June 24th. Their legal liability to pay was never established. On this record such liability does not appear. As attorneys they were only liable to indemnify the receiver's executrix against the consequences of their conduct, if they had acted without good faith or ordinary skill and care. Weeks, Attorneys, 373.

They do not argue that of themselves. In fact they wrote to the appellees the day after they paid that "the

court charged the receiver, very unjustly as we think," and that "these moneys were so collected and paid by us without the authority or knowledge of the receiver, and as between us and him, or his estate, we have felt ourselves equitably bound to protect his estate, and pay the money into court."

If there was such notice to the appellees of the pendency of that suit as to affect them by its result, yet they were given no opportunity to do anything to set that result aside. The appellants, without notice to the appellees, paid in three days after the decree. That the appellants felt themselves "equitably bound to protect" the estate of the receiver does not touch the appellees.

The appellants occupied positions which turned out to be inconsistent. They were attorneys for parties with conflicting claims, the appellees and the receiver, behind whom were the creditors in the chancery suit. The appellants decided which they would pay. There was no other mistake of fact than not foreseeing what the United States court would do. Besides, if the action were to recover money paid by mistake only, the cause of action accrued immediately on payment, and this action is barred. Leather M'f'rs Bk. v. Merchants Bk., 128 U. S. 26.

The case seems a hard one, but our judgment is that the law affords them no redress and the judgment is affirmed.

MR. JUSTICE SHEPARD.

I dissent from the conclusion and process of recovery.