## John A. Eveland v. William Van Dyke.

1. VERDICTS—*Not Manifestly Against the Weight of the Evidence.*— Where a verdict does not appear to be the result of weighing and impartially considering the evidence and is not manifestly against the weight of the evidence, it will be allowed to stand.

2. CONTRACTS—*When an Entirety.*—A contract to labor from March first till after corn husking is an entirety, and to recover on it the party must show full performance on his part, or a release by his employer, or some justifiable cause requiring him to quit.

Assumpsit, for work and services. Trial in City Court of Canton; the Hon. JOHN A. GRAY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed. Opinion filed October 5, 1898.

CHIPERFIELD, GRANT & CHIPERFIELD, attorneys for appellant.

WALKER & LANDAUER, attorneys for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action by appellee against appellant, for wages

Eveland v. VanDyke.

claimed to be due for work performed by appellee for appellant in the capacity of a farm hand.

The case was originally commenced before a justice of the peace, appealed to the City Court of Canton, tried twice in that court upon substantially the same evidence, the same witnesses being used at each trial, the verdict in the first trial being set aside by the court on motion of appellant; the verdict in the second trial was for appellee, upon which a motion for a new trial was made by appellant, which was denied by the court, and this appeal is prosecuted to reverse the judgment entered thereon.

It is claimed by appellant that he hired the appellee to work for him as a farm hand, from March 1st until after corn husking, at the rate of $15 per month. That appellee worked under said contract from March 1st until May 31st, when, without any just cause or excuse, and without being discharged, he left the employ of appellant; that upon appellee quitting his employ, appellant refused to pay him the sum of $24.30, which he alleges was due on account of said work. It is claimed by appellee that there was no contract for a definite period of time.

The main ground relied upon by appellant for a reversal of this case, is that the verdict of the jury was manifestly against the weight of the evidence, and the law governing in such cases.

The only testimony offered by appellee to support his contention is his own. That of the appellant is supported by his own and three other witnesses. The testimony of appellant and his witnesses apparently is entitled to credit. Their opportunities for knowing about what they testify are as great as that of appellee, and there is nothing in their testimony manifesting partiality or prejudice. The contract testified to by appellee is unreasonable, that by appellant reasonable. Farm labor from March 1st until after corn picking varies in value; at times, is more valuable than at others. It is reasonable that this fact would be considered and acted upon by the contracting parties. It does not seem that the verdict of the jury is the result of

weighing and impartially considering the evidence. The verdict of the jury is manifestly against the weight of the evidence, and should not be allowed to stand. Belden v. Innis, 84 Ill. 78.

If the contract was as claimed by appellant, then the verdict of the jury is against the law. The appellee commenced working for appellant March 1st, and quit May 30th of the same year, when he should have continued until after corn picking. The doctrine is well settled by the Supreme Court of this State, that a contract is an entirety, and to recover on it, the party must show full performance on his part, or a release by his employer, or some justifiable cause requiring him to leave. Thrift v. Payne, 71 Ill. 408, and cases cited.

There have been three trials of this case, and it is not unreasonable for this court to presume the appellee has produced all the testimony that can be obtained to maintain the issues on his part, and having failed to show a right of recovery, the judgment of the City Court of Canton is reversed.