## Edward P. Eastman, Adm'r, v. The West Chicago St. R. R. Co.

1.   INSTRUCTIONS—*On Conflicting Evidence.*—It is not the province of the court to tell the jury in any case which evidence is the strongest, etc.

2.   SAME—*As to Preponderance of the Evidence.*—It is error to instruct the jury that after fairly and impartially considering and weighing all the evidence it is their duty to decide that the preponderance of evidence is on the side which, in their judgment, is sustained by the more intelligent, better informed, and more credible and disinterested witnesses, whether these are the greater or smaller number, and is also equivalent to an expression of opinion by the court that the preponderance is on the side which is so sustained.

3.   JURY—*Province of, Where the Evidence is Conflicting.*—It is not the province of the court to tell the jury in any case, which evidence is the strongest, etc.

**Trespass on the Case.**—Death from negligent act.   Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.   Heard in this court at the October term, 1898.   Reversed and remanded.   Mr. Justice WINDES dissenting.   Opinion filed January 9, 1899.

MUNSON T. CASE and W. S. JOHNSON, attorneys for appellant.

ALEXANDER SULLIVAN, attorney for appellee; EDWARD J. McARDLE, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was an action by appellant to recover damages for the death of his intestate, alleged to have been occasioned by the negligence of appellee. The jury found appellee not guilty. The evidence, although sufficient, in our opinion, to warrant a verdict for appellee, was conflicting on material matters. The court, by appellee's request, gave to the jury the following instruction:

"The jury are instructed that the fact that the number of witnesses testifying on one side is larger than the number testifying on the other side, does not necessarily alone determine that the preponderance of evidence is on the side for which the larger number testified. In order to determine that question the jury must be governed by and take into consideration the appearance and conduct of the witnesses while testifying; the apparent truthfulness of their testimony, or the lack of it; their apparent intelligence, or lack of it; their opportunity of knowing or seeing the facts or subjects concerning which they have testified; or the absence of such opportunity; their interest, or absence of interest, in the result of the case; and from all these facts as shown by the evidence, and from all the proof, the jury must decide on which side is the preponderance. *After fairly and impartially considering and weighing all the evidence in this case, as herein suggested, the jury are at liberty, and it is their duty, to decide that the preponderance of evidence is on the side which in their judgment is sustained by the more intelligent and better informed, the more credible and the more disinterested witnesses, whether these are the greater or the smaller number.*"

Appellant's counsel contend that the part of the foregoing instruction in italics is erroneous.

The instruction is equivalent to a peremptory direction to the jury to find that the preponderance of the evidence is on the side sustained by a certain class of witnesses, namely, the class which in their judgment is the more intelligent and better informed, the more credible and the more disinterested. The instruction is also, by necessary implication, equivalent to a statement that, in the opinion of the court, the preponderance is on the side which is sustained by the more intelligent and better informed, the more

credible and the more disinterested witnesses, whether these are the greater or smaller number, and is, in this respect an invasion of the province of the jury. It is equivalent to saying to the jury: Find from the evidence which side is sustained by the more intelligent and better informed, the more credible and the more disinterested witnesses, whether these are the greater or smaller number, and when you have so found, decide that the preponderance of evidence is on that side.

In Rockwood v. Poundstone, 38 Ill. 199, the court say:

"We do not understand it is the province of the court to tell the jury in a case where there is much and conflicting testimony, or indeed in any case, which evidence is the strongest," etc.

In Railway Co. v. Shires, 108 Ill. 617, this instruction was asked:

"The jury are further instructed that the affirmative testimony of witnesses that the bell of a locomotive engine was rung at a given time and place, is of greater force and is entitled to more weight than the testimony of witnesses of no greater credibility, and who had no better opportunity of hearing, that the bell was not rung, or that they did not hear it ring, and under such circumstances, the jury should give greater weight to such affirmative testimony than to the negative."

The court say of this instruction:

"A similar instruction was condemned by this court in Rockwood v. Poundstone, 38 Ill. 200. It is the peculiar province of the jury, where the evidence is conflicting, to properly weigh all the evidence, and determine for themselves what the weight of evidence may be. We do not understand that it was the province of the court to tell the jury which evidence was the strongest, or which is of greater force. The instruction was wrong, and properly refused."

See also Railway Co. v. Brooks, 81 Ill. 245.

The instruction in the present case tells the jury, in substance, that the evidence of the more intelligent and better informed, the more credible and the more disinterested witnesses is the strongest. The instruction does not announce a correct rule of law. It assumes that the testimony of the

more intelligent and better informed witnesses is the more trustworthy, without limiting their intelligence and information to the matters involved in the suit.

In C. W. Div. Ry. Co. v. Bert, 69 Ill. 388, the jury were thus instructed:

"A witness may be just as effectually impeached by his manner of testifying, his feelings toward the parties, inconsistency in his statements, if any, his want of intelligence, or the want of means of knowing the facts of which he testifies, as by the direct testimony of other witnesses."

The court say:

"We think this instruction should not have been given. It might well give the jury to understand that a witness might be just as effectually impeached by a lack of intelligence as by the positive testimony of other witnesses. As a general proposition, the trustworthiness of a witness is is not to be graduated according to his intelligence."

If it be said that the instruction in question should be understood as meaning the more intelligent and better informed witnesses in regard to the facts of the case, it may be observed that, in the case last cited, it might equally have been said that the words "want of intelligence" should be understood as meaning in reference to the facts of the case, yet the court held the instruction erroneous.

Considering this instruction in the most favorable view, it is at least doubtful whether the general intelligence and information of the witnesses is referred to, or their intelligence and information in respect to the matters testified to by them; and being thus doubtful, and calculated to impress the jury that their general intelligence and information was referred to, it is misleading. A doubtful and misleading instruction is erroneous. Adams v. Smith, 58 Ill. 417; City of Freeport v. Isbell, 83 Ib. 440; Frantz v. Rose, 89 Ib. 590.

In City of Freeport v. Isbell the court say: "An instruction should be so prepared as not to be of doubtful or of uncertain meaning; otherwise the jury may be misled."

In Frantz v. Rose, *supra*, this language occurs: "If an objectionable instruction is given, and the natural effect

Eastman v. West Chicago St. R. R. Co.

The instruction is objectionable in two other particulars. It assumes that the testimony of a disinterested witness is necessarily more credible than that of an interested one, and directs the jury to ignore the comparative numbers of witnesses testifying on the different sides of the case. There is no rule of law which requires a jury, as between two witnesses, the one interested, the other not, to give credit to the latter over the former, merely on the ground of non-interest, nor would such rule be reasonable. The testimony of an interested witness may be such as to impress the hearers with its truthfulness, and that of a disinterested one quite the contrary. Even in the case of a party testifying on his own behalf, the statute merely provides that his interest may be shown for the purpose of affecting his credibility. If the rule were that his testimony is not to be believed as against that of a disinterested witness, the statute permitting parties to testify on their own behalf would be practically a nullity.

It is not the law that the jury should ignore the number of witnesses testifying on each side of the case. The law on this subject is properly stated in the first part of the instruction, viz.: "The jury are instructed that the fact that the number of witnesses testifying on one side is larger than the number testifying on the other side, does not necessarily alone determine that the preponderance of evidence is on the side for which the larger number testify." But this does not cure the error in the concluding and substantially peremptory part of the instruction.

The errors of the instruction are not cured, if cure were possible, by any other instruction given. An erroneous instruction in regard to the weight of the evidence goes to the entire case, and the error can not be ignored.

We find no other errors in the record. The judgment will be reversed and the cause remanded. Reversed and remanded.

Mr. Justice WINDES dissents.