## Mary Hope v. The West Chicago St. R. R. Co.

82    311
d102  ²620

82    311
105   ²654

82    311
d206s²277

1. INSTRUCTIONS—*Calculated to Create Erroneous Impressions.*—An instruction calculated to create the impression in the minds of the jury that there was danger in alighting from an electric car, even when at rest, and to induce them to require a higher degree of care on the part of appellant than the law requires, is erroneous.

2. SAME—*Erroneous as to Weighing the Evidence.*—An instruction which states that "After fairly and impartially considering and weighing the evidence in this case as herein suggested, the jury are at liberty to decide that the preponderance of evidence is on the side which, in their judgment, is sustained by the more intelligent and better informed, the more credible, and the more disinterested witnesses, whether these are the greater or smaller number," is erroneous.

3. SAME— *Unnecessarily Verbose and Lacking in Clearness.*—It is not reversible error to refuse an instruction which is unnecessarily verbose and lacking in clearness. Lengthy instructions are more likely to confuse than aid the jury.

4. EVIDENCE—*Rebutting the Presumptions of Failing to Produce.*— Evidence of a division superintendent that he could not ascertain anything in regard to the alleged accident, is competent to rebut the presumption which the failing to produce such evidence, raises against a party.

Action in Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed April 17, 1899.

A. B. CHILCOAT and W. P. BLACK, attorneys for appellant.

ALEXANDER SULLIVAN, attorney for appellee; EDWARD J. McARDLE, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was a case by appellant against appellee for negligence *per quod* she suffered injury. The declaration contains the following averments :

" The plaintiff was a passenger on said defendant's line of cars, on, to wit, said 13th day of January, 1896, going north on Robey street, and after said car had stopped for the purpose of allowing plaintiff to alight therefrom, at the intersection of said Robey street and Carroll avenue, and while plaintiff was in the act of alighting therefrom at said street intersection, plaintiff, while so alighting, or attempting to alight therefrom, exercising all due care and vigilance upon her part for her own safety, and without fault or negligence on her part in alighting from said car, the defendant negligently permitted and caused said car to start suddenly and violently while plaintiff was in the act of alighting therefrom, by reason of which plaintiff was thrown from said car and received great, serious and permanent injury, to wit," etc.

The jury found the defendant not guilty, and judgment was rendered on the verdict. Appellant's counsel contend that her case was proved by a preponderance of the evidence, but this is a question which we do not find it necessary to consider on this appeal.

The car on which appellant was a passenger, and from which she attempted to alight, was propelled by electricity. There is evidence tending to prove that she attempted to alight from the car when it had come to a full stop on Robey street, at the south side of Carroll avenue, when the car started suddenly and she fell off on the ground.

There was no affirmative evidence of any want of ordinary care on the part of appellant. The court, at appellee's request, gave to the jury this instruction:

"The court instructs the jury that in determining the question whether the plaintiff was negligent in and about alighting from the street car in question, under the circumstances under which the jury find from the evidence the plaintiff did so, they are to take into consideration, not alone the age and condition of plaintiff at the time, but also the relative danger and risks attending the act of alighting from a car propelled by electricty, as the one in question was, and the character and condition of the locality, and the plaintiff's prior knowledge of its character and condition; and they are instructed that the plaintiff was required to exercise care for her safety in proportion to the danger and risks attending the act of alighting from an electric car under such circumstances, and a failure on her part to exercise this care is negligence which deprives her of the right of recovery in this action; and if the jury believe from the evidence in this case that the plaintiff did not exercise such care, and was guilty of such negligence, and that such failure to use such care and such negligence contributed in any way to the injury complained of in this action, then the jury should find the defendant not guilty."

The appellant's theory, as stated in her declaration, was that the car had stopped for the purpose of allowing her to alight, when she attempted to alight. There was no evidence that there is any danger on alighting from an electric car when it is at rest. Manifestly, the propelling power of a car is a circumstance of no moment as affecting the risk of alighting therefrom when it is at rest. The power under such circumstances, can not possibly increase the danger of alighting, if there is any danger in alighting from a stationary car. But the court, in the instruction, assumes not only that there is danger in alighting from a standing

car, but that there is greater danger in alighting from an electric car while at rest than from some other kind of street car, thereby inviting the jury to require greater care on the part of appellant in alighting from the car on which she was a passenger when it stopped, than she would be required to exercise while alighting from a car at rest, propelled by power other than electricity. This is at variance with the views expressed in St. Ry. Co. v. Meixner, 160 Ill. 320. The language is, " the relative danger and risks attending the act of alighting from a car propelled by electricity, as the one in question was." And the jury were instructed, "that the plaintiff was required to exercise care for her own safety in proportion to the dangers and risks attending the act of alighting from an electric car under such circumstances." This plainly assumes that there was apparent danger in alighting from the car under the circumstances, because, certainly, the appellant could not be required to guard against danger not apparent. The instruction was calculated to create the impression in the minds of the jury, that there was danger in alighting from an electric car even when at rest, and induce them to require a high degree of care on the part of appellant.

Appellee's counsel suggests, in his argument, that there was evidence tending to prove that appellant attempted to alight from the car while it was in motion, and that the appellee was entitled to the instruction on that theory. The instruction is not framed on any particular theory; it submits no hypothetical case to the jury; but if it be assumed that it is to be understood as applying to the theory that appellant attempted to alight from the car while it was in motion, then it is bad as wholly ignoring appellant's theory, which her evidence tended to prove, namely, that the car was at rest when she attempted to alight from it. What there was appropriate in submitting to the consideration of the jury, in connection with the question of appellant's care, " the character and condition of the locality," etc., we do not perceive, as there was no evidence of anything in the character or condition of the locality which presented any

Hope v. West Chicago St. R. R. Co.

danger to one alighting from a car. The giving of the instruction was prejudicial error.

Appellant's counsel objects to appellee's fifth instruction, which concludes as follows:

" After fairly and impartially considering and weighing all the evidence in this case as herein suggested, the jury are at liberty to decide that the preponderance of evidence is on the side which in their judgment is sustained by the more intelligent, the better informed, the more credible, and the more disinterested witnesses, whether these are the greater or smaller number."

We held a similar instruction erroneous in two cases decided at the October term, 1898. Eastman v. W. C. St. R. R. Co., 79 Ill. App. 585, and Barron v. Burke, Gen. No. 8003, both cases unreported, for reasons fully stated in the opinion in the former case.

The objection to the instruction was not made in the opening argument of counsel, but in their reply argument, and for that reason we would not pass on the objection were it not that the case may be retried. Rhodes v. Rhodes, 172 Ill. 187.

Appellee's instruction ten, objected to by appellant's counsel, can have no application except to the theory that appellant attempted to alight from the car while it was in motion, in which case she could not, under her declaration, recover at all. So lengthy and somewhat involved an instruction as instruction ten was unnecessary. It would have been better had the court concisely instructed the jury that if they believed from the evidence that the plaintiff attempted to alight from the car while it was in motion, she could not recover under her declaration. We can not say, however, that the giving of instruction ten is reversible error.

Objections are made to the refusal by the court of appellant's fifth and eighth instructions. Instruction five is as follows:

" The court instructs the jury that if they find a verdict for the plaintiff, in estimating the damages, they are to consider the health and condition of the plaintiff before the

injuries complained of, as compared with her present condition, in consequence of said injury, and whether the said injury is in its nature permanent, and how far it is calculated to disable her in engaging in those household pursuits and employments for which, in the absence of such injury, she would be qualified, and also the physical and mental suffering to which she was subjected by reason of said injury, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injury which she has sustained."

We can not approve of this instruction. The health and physical condition of the plaintiff before her injury, if any; her health and physical condition since the time of the alleged injuries; whether she received injuries as alleged, and, if so, what effect, if any, they had on her; and whether, if she was injured as alleged, she experienced physical and mental suffering as direct results of the injuries, are all questions to be determined by the jury from the evidence; but the instruction seems to assume that her present condition is a consequence of the injury, that the injury is calculated, to some extent at least, to incapacitate her for her ordinary household pursuits and employments, and that she did endure some physical and mental suffering by reason of the injury. The words " to consider the health and condition of the plaintiff before the injuries complained of, as compared with her present condition in consequence of said injury," seem to assume that she suffered all the injuries complained of.

An instruction substantially the same as appellant's eighth instruction, was before the court in W. C. St. R. R. Co. v. Manning, 170 Ill. 417, and is quoted at length on pages 429, 430; and while the court held that the giving it was not reversible error, it also criticised it as being unnecessarily verbose and lacking in clearness, and we can not say that the refusal of the instruction is reversible error. Very lengthy instructions, such as the one in question, are more likely to confuse than aid the jury.

Augustine L. Burns, appellant's witness, was asked on cross-examination, " What is your business now ? " to which

he answered, "I am a watchman as a general rule, some-
times in the building department, mostly for the general
contractors." Meaney, appellee's witness, having testified
that he had known Burns about twelve or thirteen years,
was asked, "During that time what, if anything, did you
know him to do in the line of work? What did you see
him doing?" These questions were objected to, and the
objections were overruled. We perceive no error in the
ruling. Meaney also testified in chief that he knew the
reputation of Burns for truth in the neighborhood where he
resided, and that it was bad. On cross-examination he testi-
fied that he had heard no one speak of his reputation for
truth except police officers; that he knew his reputation for
truth in the vicinity where he lived, but not in the last two
years; whereupon counsel for appellant moved to exclude
his testimony, which motion was overruled. We think the
ruling was proper; that the value of the witness' testimony
was a question for the jury. We do not understand, as
seems to be assumed by counsel, that the inquiry as to
reputation for veracity is legally limited to the immediate
neighborhood where the witness resides, but if one lives in
a community, as, for instance, in Chicago, the neighborhood
is the community. Jones on Law of Ev., Sec. 862.

Burns, on cross-examination, was asked certain questions
in relation to a conversation with a third party about the
case, and denied stating what was suggested by the ques-
tions. Buckminster, a witness for appellee, testified that
he heard the conversation, and what it was. Buckminster's
testimony, assuming it to be true, tended to show that
Burns was willing to sell his testimony—to testify, for a
consideration, in accordance with the wishes of the highest
bidder. It was competent to cross-examine Burns as he
was cross-examined, and appellee was not concluded by his
answers, but was entitled to call another witness to show
his animus in the case. Jones on the Law of Evidence, Sec.
829; Phenix v. Castner, 108 Ill. 207.

John W. Stevenson, division superintendent of appellee,
was called and testified that he had made inquiries of all

the conductors and motermen who were on Robey street at the time of night when appellant claims to have been injured, except one conductor who was no longer in appellee's employ and whom he could not find, and that he could not ascertain anything in regard to the alleged accident. It is objected that this evidence was incompetent. We think otherwise. " The mere withholding or failing to produce evidence which, under the circumstances, would be expected to be produced, and which is available, gives rise to a presumption against a party." Jones on Law of Ev., Sec. 17.

The evidence was competent for the purpose of excluding the presumption which might arise against appellee, from its failure to produce as witnesses the conductor and motorman of the car. The abstract shows no exception to the examination of Stevenson, but we have considered the objections urged in anticipation of another trial of the case, although not strictly bound so to do.

The judgment will be reversed and the cause remanded.