## Chicago City Ry. Co. v. John Biederman.

1. EVIDENCE—*Sufficiency of, to Support the Judgment—Appellate Court.*—The sufficiency of the evidence to support the judgment is a proper subject for the consideration of the Appellate Court, and if found insufficient to sustain the action of the trial court it is its duty to reverse the judgment.

2. STREET RAILWAY COMPANIES—*Duty in Reference to Expected Accidents.*—A street railway company is bound to operate its cars with reference to that which may be reasonably expected, but it is not obliged to be on guard against that which is not reasonably to be expected, and in case of an accident, as to whether or not it did its duty, is to be determined, in part, by that which it knew of the nature of the place of the accident and of the number of people, adults and children, making use of the street where such accident occurred.

3. CONTRIBUTORY NEGLIGENCE—*Not to be Imputed to a Child Six Years of Age.*—Contributory negligence can not be imputed to a boy six years of age. Such a child is chargeable only with such care and discretion as is reasonably to be expected of a child of his age.

4. IMPEACHMENT OF WITNESSES—*Not by His Intelligence or Lack of It.*—A witness can not be impeached by his intelligence or for the lack of it.

5. INSTRUCTIONS—*Not Error to Refuse, When Covered by Others in the Case.*—It is not error to refuse an instruction which is covered by others given in the same case.

6. DAMAGES—*When $1,000 Is Not Excessive.*—Where a boy of the age of six years is injured in a railroad accident, in which he was struck by the front end of an electric car as it was coming to a stop, and

pushed several feet, the shock and pain being very severe, a verdict for $1,000 is not excessive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

Statement.—This is an appeal from a judgment in an action in which appellee sought to recover damages for personal injuries sustained by him by reason of having been run into by one of appellant's electric cars. The injury to appellee was sustained April 5, 1896, at about nine o'clock in the morning, on Thirty-first street, at a point between Mosprat street and Deering street, neither of which crosses Thirty-first street, but both of which run into it.

The evidence showed that the day of the accident, Easter Sunday, 1896, was a bright, clear day. The plaintiff, a boy six years of age, before the accident had been walking southeast on Deering street, and from it had turned eastward upon Thirty-first street, walking in front of the Holden school, and at a point near the middle of the block, between Deering street and Mosprat street, he attempted to cross Thirty-first street from north to south. A closed, or winter, electric car, belonging to and operated by the defendant, was at this time being propelled westward on Thirty-first street. The motorman in charge of the car testified that he at first thought that the plaintiff was his own child, who lived in that vicinity, and who was of the same age as plaintiff; that he rang the bell, and, seeing the boy approaching the track a few feet before he stepped upon it, immediately applied the brake, and then reversed the car, bringing it to a remarkably sudden stop. The boy was struck by the front of the car, as it was coming to a stop, and pushed by it several feet. No wheel of the car ran over him. There was a V-shaped fender in front of the first two wheels, and this protected the boy from being run over. Several persons went to the assistance of the boy, who was found with one of his heels resting in front of a front wheel of the car.

Chicago City Ry. Co. v. Biederman.

The jury found the defendant guilty, and assessed plaintiff's damages at $1,000. Judgment was entered on the verdict.

WM. J. HYNES, JOHN B. BRADY and C. LEROY BROWN, attorneys for appellant; MASON B. STARRING, of counsel.

ALBERT E. WILSON, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The sufficiency of the evidence to support the judgment is a proper subject for the consideration of this court, and if found not to be sufficient to sustain the action of the trial court it is the duty of this court to reverse the judgment. Borg v. Chicago, R. I. & P. Ry. Co., 162 Ill. 348; same v. same, 57 Ill. App. 521; Chicago & Erie Ry. Co. v. Meach, 163 Ill. 305; Call v. Beckstein, 173 Ill. 187; same v. same, 69 Ill. App. 616; Jefferson Ice Co. v. Zwicokoski, 78 Ill. App. 646.

The accident happened near to a place where many people cross the street, and when there were children and other people going to church; in the words of the motorman, " It was a very particular place; you have to look out all the time there."

We have carefully considered the evidence and are of the opinion that therefrom we can not say that the jury were not warranted in finding that the accident was the result of the negligence of appellant and not due to any failure on the part of appellee to exercise such care as was to be expected from a boy of his years and capacity. That which is ordinary care at one time and place is not necessarily so at another.

Appellant is bound to operate its cars with reference to that which may be reasonably expected; it is not obliged to be on guard against the not reasonably to be expected. Its duty just before this accident is to be determined in part by that which it knew of the nature of the place and the number of adults and children making use of the street where the injury occurred.

Three persons testifying for the plaintiff state that which they saw as to the conduct of the motorman in charge of appellant's car to have been that which, if such testimony is to be believed, must be regarded as gross negligence.

Contributory negligence can not be imputed to the plaintiff. He is chargeable, only, with such care and discretion as is to be expected of a boy six years of age.

We are not asked to consider whether an older person hurt under the same circumstances could have maintained an action against appellant. While in the light of a number of authorities the instruction as to the credibility of witnesses is justly subject to criticism, we do not regard the giving of it as, in this case, reversible error. The jury would not in this instruction, necessarily or presumably understand the word intelligence as meaning the education or learning of a witness, but rather his intelligence as to the facts concerning which he testified.

Certainly one does not ordinarily put as much confidence in the report of a fool as in that of a man of intelligence. A witness can not be impeached by his intelligence or lack of it. The instruction is unlike either of those commented upon in Hansell v. Erickson, 28 Ill. 257; C. W. Div. Ry. Co. v. Bert, 69 Ill. 388; Eastman v. West Chicago Street Ry. Co., 79 Ill. App. 585, and Hope v. West Chicago Street Ry. Co., 82 Ill. App. 311–313. Counsel mistake when they say that "the form of the language" of the instruction held misleading and erroneous in Eastman v. West Chicago Street Ry. Co., and that complained of in the present case "is identical." The instruction now under consideration is similar to that disapproved of in Barron v. Burke, 82 Ill. App. 116; one, among other features distinguishing it from the latter case, being that in Barron v. Burke, the disapproved instruction declared that from certain things "the jury must decide on which side is the preponderance." In the present case the jury were told that they had a right to consider certain matters.

It is urged that the court should have given instructions numbers five and six, asked by appellant. The number of

witnesses testifying as to a disputed point is a proper element for a jury to consider; and their consideration should not be limited to " disinterested " witnesses, as was practically done by instruction number five. The subject-matter of refused instruction number six was fully covered, and in much better phraseology, by instructions that were given. The defendant asked for nineteen instructions; the court gave seventeen of these, fully covering every phase of the defense presented.

Appellant insists that it was unduly restricted in the cross-examination of plaintiff. The plaintiff's testimony in chief was very brief; he did not thereby attempt to describe the accident or to impute blame to any one or even mention by whom, what means or in what manner he was hurt; nor did he say aught as to his past or present pain, or disability. Cross-examination was permitted as to all the things concerning which he testified in chief. No complaint is made as to limitation of cross-examination of the physician during and as illustrative of whose testimony plaintiff's leg was displayed. Whether the plaintiff's injury is permanent does not with certainty appear. The shock and pain to him must have been severe. The damages ($1,000) are not excessive.

We find no error warranting a reversal of the judgment of the Circuit Court and it is affirmed.