## North Chicago St. R. R. Co. v. Leah Wellner.

1. INSTRUCTIONS—*Apparent Intelligence or Lack of Intelligence of Witnesses.*—An instruction that the credibility of the witnesses is a question exclusively for the jury; and the law is that where a number of witnesses testify directly opposite. to each other, the jury are not bound to regard the weight of the evidence as evenly balanced, merely because of numbers; the jury have a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness. their apparent intelligence or lack of intelligence, and from all the surrounding circumstances appearing

on the trial, which witnesses are the more worthy of credit, and to give them credit accordingly, is proper.

2.  SAME—*Testimony of Husband in Behalf of Wife.*—An instruction that, under the law of this state, a husband is a competent witness to testify in behalf of his wife in a suit brought by the latter for personal injuries alleged to have been sustained by the wife, that if the testimony of the husband appears to be fair, is not unreasonable, and is consistent with itself, and the witness has not been in any manner impeached, then you have no right to disregard the testimony of such a witness, merely from the fact that he is related by marriage to the plaintiff in the case, is proper.

3.  NEW TRIALS—*Will Not be Granted for Purpose of Impeachment.*—A new trial will not be granted for the purpose of introducing evidence by way of impeachment, merely.

**Trespass on the Case,** for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed.  Opinion filed January 30, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

RITCHIE, ESHER & KNOBEL, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover damages for personal injuries said to have been caused by the negligence of appellant.

Appellee was, June 2, 1899, a passenger upon one of appellant's cars.  In leaving the car on Monroe street near LaSalle, she was thrown to the ground and injured.  The principal question in controversy was whether, the car having completed the turn from LaSalle street into Monroe street and stopped, she started to leave the car after it had been started along Monroe street, or whether when she endeavored to leave the car it was standing still.  As to this, the evidence was contradictory and irreconcilable. The plaintiff, her husband, and a woman standing at the time on Monroe street, testified for the plaintiff.  For the defendant were five passengers upon the car and four of its employes.

Nothing in the testimony given on behalf of the plaintiff is inconsistent with natural law, the ordinary observation of mankind or indicative of a desire to state other than the truth. The same may and perhaps should be said of the testimony given in behalf of the defendant. The plaintiff and her husband were naturally interested witnesses. The incidents of the occasion are likely to be more strongly impressed upon their minds and the mind of the conductor, than upon the other witnesses.

A careful examination of the evidence does not impress us that it so clearly preponderates in favor of the defendant, that we ought to reverse the judgment of the Superior Court. We feel a doubt as to under what circumstances the accident did actually occur.

At the instance of the plaintiff, the court gave to the jury the following instruction:

" The court instructs the jury that the credibility of the witnesses is a question exclusively for the jury; and the law is that where a number of witnesses testify directly opposite to each other, the jury are not bound to regard the weight of the evidence as evenly balanced merely because of numbers. The jury have a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence or lack of intelligence, and from all the other surrounding circumstances appearing on the trial, which witnesses are the more worthy of credit and to give them credit accordingly."

Similar instructions are said to have been condemned in C. W. D. Ry. Co. v. Bert, 69 Ill. 388; Eastman v. The W. C. St. R. R. Co., 79 Ill. App. 585; Barron v. Burke, 82 Ill. App. 116; Hope v. W. C. St. Ry. Co., 82 Ill. App. 311.

None of the instructions considered in those cases was like the one under consideration.

In City of LaSalle v. Kostka, 190 Ill. 130, an instruction telling the jury that they had a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence or lack of intelligence, and all the other surrounding circumstances appearing on the trial,

which witnesses are the more worthy of credit and to give them credit accordingly, was approved.

Appellant insists that the instruction in effect told the jury that they should believe the more intelligent witnesses. We do not consider it open to such criticism.

From time immemorial in general statements to jurors as to the things which they may take into consideration in determining what witnesses are the most credible, apparent intelligence or lack of intelligence, has been one of the things frequently mentioned. C. & A. R. R. Co. v. Winters, 65 Ill. App. 435; Stampofski v. Steffens, 79 Ill. 303; Fisher v. State, 77 Ind. 46.

Nor was the instruction a singling out of any witnesses or the testimony given by any witness as more worthy of credence than others. It was as applicable to one witness as another. So far as is to be learned from a reading of the record here presented, all the witnesses appear to have been persons of intelligence.

Appellant complained also of the giving of the following instruction:

" The jury are instructed that under the law of this state a husband is a competent witness to testify in behalf of his wife in a suit brought by the latter for personal injuries alleged to have been sustained by the wife. You are instructed that if the testimony of the husband appears to be fair, is not unreasonable, and is consistent with itself, and the witness has not been in any manner impeached, then you have no right to disregard the testimony of such a witness merely from the fact that he is related by marriage to the plaintiff in the case."

The complaint is not that it does not state a correct rule, but that it tended to give a weight to the testimony of the plaintiff's husband which it otherwise would not have had. The testimony of the husband of the plaintiff might properly have been and was likely to be commented upon by attorneys for the defendant as coming from one who could not fail, from his relationship, to feel interested in support of the plaintiff's claim. The instruction did no more than to tell the jury that because of such relationship

his testimony was not to be disregarded. The twenty-eighth instruction, given at the instance of appellant, was to the same effect as to the testimony of its employes.

The court, of its own motion, gave the following instruction:

"If in putting in the evidence, or in argument, counsel for either party has made any statement not based upon the evidence, the jury should wholly disregard such statement."

Counsel for appellant say the effect of this instruction was to cast a slur upon the arguments of counsel and to deprive the jury to a large extent of the benefit that they should derive from a thorough argument of the case in all its bearings by counsel for both parties.

If this be the case, the instruction was, as we understand, harmful only to appellee. It does not appear from the record that the case was argued at all. The statement is made in the brief of appellee that counsel for appellant did not argue the case.

After verdict had been rendered, appellant produced affidavits of many persons to the effect that one of the witnesses for appellee had, six years prior to the trial, been a keeper of a house of ill-fame in Flagstone, Arizona; that such career upon her part had continued up to the time of her marriage to her present husband, six years ago. The witness upon the trial being asked if such were not the case, testified that it was not. It is well settled that a new trial will not be granted for the purpose of introducing evidence by way of impeachment merely. C. & N. W. Ry. v. Calumet Stock Farm, 194 Ill. 9.

Nor would the affiants upon another trial be permitted to testify to that contained in their respective affidavits. Gifford v. The People, 87 Ill. 210.

The judgment of the Superior Court is affirmed.