# FRANK WELLS
## v.
# FRANCIS J. PARROTT.

*Attachment—Non-residence—What Necessary to Prove—Commission on Loan—Contract Price—Amount of Recovery.*

1. In an action commenced by attachment the burden is on the plaintiff to prove that the defendant is a non-resident, and where the evidence is hazy and uncertain, this court will not reverse the decision of the lower court dissolving the attachment.

2. In the case presented, defendant had agreed to pay plaintiff a certain fixed sum for securing him a loan, and plaintiff complied with his part of the contract; this court holds that the court below erred in reducing the amount of plaintiff's compensation below that fixed by contract.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. Charles B. McCoy, for appellant.

Messrs. Louis Kistler & Son, for appellee.

Moran, J. This was an action commenced by attachment on the ground that defendant was a non-resident of this State. The defendant filed a plea denying that he was a non-resident of this State and also a plea to the merits. On the trial the court found in favor of the defendant on the attachment issue, and in favor of plaintiff on the merits, allowing a judgment, however, for only about half what plaintiff claimed was due him. Plaintiff excepted to the finding on both issues and the case is brought here for review.

As to the question of non-residence, the evidence shows that the defendant, who became of age in June, 1888, and was unmarried, and had always lived with his parents in Chicago, left an employment in which he had been engaged in Chicago for many years, and, on October 9,1888, went to Eau Claire, Wisconsin, in the employ of an insurance company. That when he first went he only expected to stay a couple of weeks and took only a hand sachel and a change of linen, leaving his trunk and other clothing at his father's home. His stay in Eau Claire was prolonged from time to time, and he returned every three or four weeks and spent Sunday with his parents and brought his soiled clothing back sometimes and took other with him on his return to Eau Claire. He finally left there and returned to Chicago in September, 1889, something over three months after the attachment was commenced. August 22, 1889, at Eau Claire, he wrote a letter to one Brown at Chicago, offering to take employment at Eau Claire as representative of an insurance company, and saying, " I have resided here for the past year," etc.

Plaintiff might have shown by cross-examination what the exact terms of defendant's employment at Eau Claire were, but neglected to do so. The evidence is left on indefinite statements of the defendant as to his expectations and intentions. Residence consists of action and intention, and intention or expectation may be proved by the party's own statement;

that is, his statement as to what his intention was when he left and while he remained away, is competent, though it may be overcome by acts evincing a different intention. Absence from the State and having a fixed abode in another place, with the intention to remain permanently, at least for a time, for business or other purposes, will constitute non-residence even if there be an intention to return at the expiration of the time of residence in the foreign State.

Casual or transitory absence from the State will not constitute non-residence within the meaning of the attachment law. The absence must be so protracted as to amount to a prevention of legal remedy by ordinary process, and in determining whether one has ceased to be a resident it is important to know whether the purpose of the absence was such as to admit or require the acquisition of residence elsewhere. Lawson v. Adlard, 48 N. W. R. 1019. A mere departure of one, though an unmarried man, from the State on an engagement which is not expected to last more than two weeks, when the intention is to return at its termination, would not make one a non-resident, nor would the prolongation of the absence thus commenced by a series of engagements temporary in character and accompanied with the same intention have that effect. The burden was on plaintiff to sustain the allegation of his affidavit that defendant was a non-resident, and he has left the matter in too hazy and uncertain a condition for us to reverse the finding of the trial court upon that issue.

The finding on the merits we are compelled to reverse. Defendant made a written contract with plaintiff in and by which he agreed to pay to plaintiff for obtaining a loan of $16,000, five per cent on that amount, and to pay for the examination of title, and all other expenses of making the loan. If plaintiff was entitled to recover at all under the contract for a loan, he was entitled to recover $800 as the commissions, and $25, which was shown to be the fee paid for examination of the abstract. The court must have found that plaintiff performed his part of the contract in order to find him entitled to recover anything under it. There is nothing in the record which authorized the court to reduce the compensation which plaint-

iff should receive to $400. Plaintiff was not entitled to interest on the loan for the time it was detained, but was entitled, if entitled to anything at all, to $825. For the error in refusing to allow him the commission fixed by the contract the judgment on the merits must be reversed and the case remanded, but the judgment on the attachment issue will stand affirmed.

*Reversed and remanded.*