## George Barron, for the use of J. H. Poague, Receiver, v. Wm. H. Burke.

1. RESIDENCE—*Under the Attachment Act.*—Where a man has a settled and fixed abode, with the intention to remain there permanently for a time, for business and other purposes, in law, such abode is his residence, and is, sufficient to constitute him a resident of this State under the attachment act.

2. SAME—*Within the Legal Meaning of the Term.*—There must be a settled, fixed abode, an intention to remain permanently, at least for a time, for business or for other purposes, to constitute a residence, within the legal meaning of the term.

3. SAME—*For What Purposes a Man May Have Two.*—Within the meaning of the revenue laws, and for the purpose of the attachment act, a man may have two residences, one in Illinois and one in another State.

4. INSTRUCTIONS—*As to Where the Preponderance of Evidence is.*—An instruction is erroneous, and cause for reversal, which tells the jury that the fact that the number of witnesses testifying on one side is greater than the number testifying on the other side does not necessarily alone determine that the preponderance of evidence is on the side for which the greater number testified; that in order to determine that question, the jury may take into consideration the appearance and conduct of witnesses while testifying, the apparent truthfulness of their testimony, or the lack of such truthfulness; their apparent intelli-

gence or lack of it; their opportunity for knowing the facts and subjects concerning which they have testified, or the absence of such opportunity; their interest, or the absence of interest in the result of the case; and from all these facts as shown by the evidence, and from all the other facts and circumstances so shown, the jury must decide on which side is the preponderance.

5. ATTORNEYS—*Conduct in Argument.*—Attorneys should not allow their zeal for clients to cause them to say or do anything in the excitement of a trial which could be construed as unfair or calculated unjustly to prejudice their opponents.

6. SPECIAL FINDINGS—*Requirements of the Statute.*—The statute relating to special findings does not require that an answer to a special interrogatory be absolutely decisive of the whole case, but only that it relate to some material question of fact in the case, and that the fact must be ultimate, that is, a fact conclusive on some issue in the case.

Assumpsit, for commissions. Trial in the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed March 30, 1899.

**Statement of the Case.**—Appellant began suit by attachment against appellee, declaring on the common counts, to recover for commissions claimed to have been earned by appellant as an importer's broker in making certain protests against the classification and rate of duties paid by appellee to the United States government on certain marble imported by him. The ground for the attachment was an alleged non-residence of appellee. The plea of general issue on the merits and one traversing the attachment affidavit were filed.

A trial in 1897 resulted in a verdict for appellant of $5,000, which was set aside and a new trial awarded. A second trial was had in February, 1898, which resulted in a verdict for appellee upon the merits, but no general verdict on the attachment issue, though the jury made special findings, viz.:

"1. Do you find from a preponderance of all the evidence in the case that the defendant, Burke, was not a resident of the city of Chicago, in this State, at the time of the swearing out and issuance of the writ of attachment in this case? No.

2. Do you find that defendant, Burke, was at the time of

the swearing out and issuance of the writ of attachment in this case residing in the city of Chicago, in this State? Yes.

3.   Do you find from a preponderance of all the evidence in this case that in January or February, 1891, the defendant contracted and agreed to and with the plaintiff that defendant himself would pay the plaintiff twenty-five per cent of any refunds of duties paid by the defendant to the government, which defendant should recover or collect back from the government?   No."

Appellant's motion for new trial was denied and judgment rendered against appellant for costs, from which this appeal is taken.

No instructions were asked by appellant, but the court, at the request of appellee, gave to the jury, among others, the following instructions, viz.:

"2.   The court instructs you that the burden of proving that the defendant owed the plaintiff anything on any account when this suit was begun, and unless he has proved by the preponderance of all the evidence in the case that defendant was indebted to him at the time of the beginning of this suit, then the plaintiff can not recover, and your verdict should be in favor of the defendant.

5.   The court instructs you that the plaintiff can not recover for anything that was not due when this suit was begun.

6.   The court instructs you that even if you should find for the plaintiff you should not allow him interest on the amount claimed by him, unless you believe from a preponderance of all the evidence in the case that the defendant has withheld money from the plaintiff by an unreasonable and vexatious delay on his part.

7.   The court instructs you that the fact that the number of witnesses testifying on one side is greater than the number testifying on the other side, does not necessarily alone determine that the preponderance of evidence is on the side for which the greater number testified.   In order to determine that question, the jury may take in consideration the appearance and conduct of witnesses while testifying, the apparent truthfulness of their testimony, or the lack of such truthfulness; their apparent intelligence or lack of it; their opportunity for knowing the facts and subjects concerning which they have testified, or the absence of such opportunity; their interest, or the absence of inter-

est of the case; and from all these facts as shown by the evidence, and from all the other facts and circumstances so shown, the jury must decide on which side is the preponderance.

After fairly and impartially considering and weighing all the evidence in this case as herein suggested, the jury are at liberty to decide that the preponderance of evidence is on the side which in their judgment is sustained by the more intelligent and better informed, the more credible and the more disinterested witnesses, whether these are the greater or the smaller number.

10.   The court instructs you that there are in this case two principal issues; one is what is called the attachment issue, which involves the question of whether defendant was a resident of this State at the time of the swearing out of the attachment writ in this case; and the court instructs you in regard to this issue that the burden of proving that defendant was not a resident of this State at the time aforesaid is upon the plaintiff, and if the plaintiff has failed to prove by a preponderance of all the evidence in the case on that point, the plaintiff was not a resident of this State at that time, your verdict on that issue should be for the defendant; so if the evidence upon that point is equally balanced, your verdict on that issue must be for the defendant.   So also if the evidence upon that point fails to preponderate in favor of the plaintiff, your verdict upon that issue should be for the defendant.

11.   The court further instructs you that the second principal issue in this case is whether the defendant was or was not indebted to the plaintiff, as claimed by the plaintiff at the time this suit was begun, and the burden of proving by the preponderance of all the evidence in the case that the defendant was indebted to the plaintiff, as claimed by him at the time this suit was begun, is upon the plaintiff; so if the plaintiff has failed to so prove by the preponderance of all the evidence, then your verdict upon that issue should be for the defendant; so if the evidence upon that issue is equally balanced, your verdict should be for the defendant; so also if the evidence upon that issue fails to preponderate in favor of the plaintiff, your verdict should be for the defendant.

12.   The court instructs you that on the attachment issue in this case the plaintiff can not recover unless he has shown by the preponderance of all the evidence in the case, that defendant was not a resident of this State at the time the

attachment writ in this case was sued out, and unless the plaintiff has proven that defendant was not a resident of this State at that time, your verdict should be for the defendant on the attachment issue.

13. The court instructs you that if you believe from the evidence that the defendant, Burke, at the time the attachment writ in this suit was sworn out and issued, was established in business in this State, and he personally lived and abided here in this State, with the intention of remaining in this State permanently as a resident, for business purposes, then, in law, he was a resident of this State, and your verdict on the attachment should be for the defendant.

16. The court instructs you that where a man has a settled and fixed abode, with the intention to remain there permanently for a time, for business and other purposes, then in law, such abode is his residence."

JESSE A. and HENRY R. BALDWIN, attorneys for appellant.

The court erred in giving instruction No. 7. The instruction is misleading and prejudicial. The qualification as to the " apparent intelligence" of the witnesses was erroneous and prejudicial. Weidemann v. Ryan, 34 Ill. App. 568; German Fire Ins. Co. v Von Gunten, 13 Ill. App. 593; Purdy v. The People, 140 Ill. 46.

S. S. PAGE, attorney for appellee.

Cases in support of what is claimed are In re Alexander Thompson, 1 Wend. 43; Anderson's Law Dict., Title, Residence; "Residence is a fact; Domicile a legal conclusion from facts."

There is a marked distinction between residence and domicile. Morgan v. Nunes, 54 Miss. 311; Baldwin v. Flagg, 43 N. J. Law, 498; Shinn on Attachment and Garnishment, 149; Alston v. Newcomer et al., 42 Miss. 192; Frost & Dickinson v. Brisbin, 19 Wend. 11; Hanover Nat. Bk. v. Stebbins, 69 Hun, 309.

Residence means abode or place where one actually lives, and not one's legal domicile. Waples on Attachment, 34 and 35; Egener v. Juch, 101 Cal. 105; Andrews v. Mundy, 36 W. Va. 29; Story on Conflict of Law, Sec. 44.

Barron v. Burke.

MR. PRESIDING JUSTICE WINDES, after making the foregoing statement, delivered the opinion of the court.

The reasons of appellant why the judgment should be reversed may be summarized, viz.: First. That on both issues the verdict and judgment are manifestly against the weight of the evidence; second, that incompetent testimony was admitted; and third, that erroneous instructions were given.

The evidence is quite voluminous, and has been carefully read and considered by us in the light of the arguments of counsel. Its discussion in this opinion could serve no useful purpose, in view of our conclusion, which is that upon the merits it is insufficient to support the verdict and judgment. Its clear preponderance, in our opinion, is with appellant.

As to the attachment issue, the evidence is sufficient to sustain the special findings of the jury, which are to the effect, in substance, that appellee was a resident of this State at the time of the issuance of the attachment writ. No point is made that there was no general verdict on the attachment issue, and it is unimportant in view of our conclusion on the merits.

As there may be another trial, we think it proper to notice a question of law discussed by counsel, viz.: What constitutes a residence in this State under the meaning of the attachment act?

We think the sixteenth instruction, which says, "Where a man has a settled and fixed abode, with the intention to remain there permanently for a time, for business and other purposes, then in law such abode is his residence," properly states the law as to what constitutes a residence in this State under the attachment act. Board of Supervisors v. Davenport, 40 Ill. 197; Wells v. People, 44 Ill. 40; Wells v. Parrott, 43 Ill. App. 656.

In the Davenport case, *supra*, Mr. Justice Breese, in considering the question as to what constituted a residence within the meaning of the revenue law, which provided for the taxation of property "of persons residing in this State,"

said : "There must be a settled, fixed abode, an intention to remain permanently, at least for a time, for business or other purposes, to constitute a residence, within the legal meaning of the term," and held that while the defendant's home or domicile was in New York, he had two residences, one in Illinois and one in New York. We think the same is true as to the attachment act.

In determining what was a residence under the attachment act, this court, in the Parrott case, *supra*, used almost the identical language of Justice Breese above quoted.

The court admitted, against appellant's objection, certain evidence relating to a former suit between him and appellee which had been dismissed for want of prosecution, and was claimed by appellee to have been for the same cause of action as the case at bar, though denied by appellant. It was in the nature of an admission and was competent. Appellant also objected to evidence admitted by the court as to certain cases tried by an attorney named Fry, for appellee, under a contract similar, as it was claimed by him, to what the arrangement was between appellant and appellee, and also the contract. We are unable to see the materiality of this evidence, but can not say that the error, if such it was, is sufficient for that reason alone to call for a reversal.

Numerous other objections are made as to the admission of evidence, that we deem of minor importance and not to require special mention. None of them are sufficient to require a reversal.

Also, it is objected in this connection, that the conduct of appellee's counsel in his remarks during the course of the trial, in the presence of the jury, in offers of different items of evidence, and in the examination of witnesses, was unfair to appellant and was calculated to prejudice him with the jury.

In view of the disposition we make of this case, it becomes unnecessary to consider these objections, further than to say that appellant is not without basis for criticism in this respect; that counsel should not allow their zeal for clients to cause them to say or do anything in the excitement of

trial which could be construed as unfair or calculated unjustly to prejudice their opponents.   Justice can not generally be attained by any such means.

The objection to the second instruction is based upon its language as it appears in the abstract.   A reference to the record shows that after the word " begun " at the end of its first clause, the abstract omits the words " is upon the plaintiff."   When these words are supplied the instruction is correct.

The fifth instruction is not correct in that it would debar appellant from recovering any interest after the commencement of the suit, and conflicts with the sixth instruction, which would entitle appellant to recover interest if the jury found there was unreasonable or vexatious delay.   The error, however, is not material on this record, the verdict being for appellee.

For the reasons stated in Eastman v. Ry. Co., 79 Ill. App. 585, the majority of the court, not including the writer, is of the opinion that the seventh instruction is erroneous, and that the giving of it is cause for reversal, because it invades the province of the jury, by telling it what evidence is the strongest, to wit, the evidence of the more intelligent and better informed witnesses.   The weight of the evidence is a matter to be determined solely by the jury.

It is claimed that instructions numbered 10, 12, 13 and 16 are all practically on the same point; that they are repetitions, and therefore cause for reversal.   The same point is also made as to instructions 2 and 11.

We have seen that instruction 2 was a proper instruction. Instruction 11 is in part a repetition of No. 2, but adds points which were also proper.   Instruction 11 made instruction 2 wholly unnecessary, but we should be loth to reverse for that reason alone.   The same is true as to instructions 10 and 12, the latter being in part a repetition of the former.   We find no such objection as to instructions 13 and 16.   A further objection is made to instruction 16, that the use of the words " and other purposes " is not justified by any evidence in the case.   The record tends to show that appellant's residence at Chicago was maintained

for social as well as business purposes, and we therefore think the use of these words was not improper.

It is claimed there was error in submitting to the jury the third special interrogatory, because an answer to it did not determine an ultimate fact in the case. Appellant sought to recover on a special contract, and also by reason of an alleged custom among brokers to pay a commission of twenty-five per cent for such services as he claimed to have rendered to appellee. The jury answered " no," to this interrogatory, and this answer therefore eliminated the latter basis of recovery from the case, and is consistent with the general verdict. Had the jury answered yes, it would have been inconsistent with the general verdict, and insufficient, under section 3 of the statute, to justify the court in disregarding the general verdict and rendering judgment for appellant on the special finding. The answer as it stands, would not be inconsistent with a general verdict for appellant, but such an answer would be a guide to the court as to what was the basis of such a general verdict, necessarily limiting the right of recovery to the custom among brokers.

We do not understand the statute relating to special findings to require, nor any decision of this or the Supreme Court to hold, that an answer to a special interrogatory must be absolutely decisive of the whole case, but only that it relate to some material question of fact in the case, and that the fact must be an ultimate fact, that is, a fact conclusive on some issue in the case. In the case of two counts on two promissory notes, each count being upon a separate note, where the defense was payment as to one of the notes, and want of consideration as to the other, it would be entirely proper to submit to the jury a question as to whether the one note was paid and another question as to whether there was any consideration for the other note.

We are of opinion this question was as to an ultimate fact in the case.

The judgment is reversed and the cause remanded, because as to the merits it is not sustained by the evidence, and because of instruction 7. Reversed and remanded.