## Frank M. Witbeck v. Marshall-Wells Hardware Co.

1.  ATTACHMENT—*Who is a Non-resident Within the Meaning of the Statute.*—Where a person left the city of Chicago, where his residence was during the year 1895 and up to March, 1898, and went to New York about the 16th of March, 1898, for the purpose of avoiding the service of process upon him in the suit which he expected would be commenced against him by his wife for a divorce, and with that purpose gave up his residence in Chicago for an indefinite time, residing in hotels in New York, doing no particular business, and up to the time of taking his deposition in February, 1899, had no definite intention of returning to Chicago and there resuming his residence, he is a non-resident of the State of Illinois within the meaning of the statutes with reference to attachment.

2.  SAME—*When Property is Attachable.*—A debtor's property is attachable, if his residence is not such as to subject him personally to the jurisdiction of the court, and place him upon an equality with other residents in this respect.    He may have his property attached, as that of a non-resident, if he has not a place of abode in this State at which summons can be served.

3.  SAME—*Non-residence a Question of Fact.*—Whether the defendant's absence from the State has been of such a nature and duration that he has ceased to be an actual resident of the State, is a question of fact, and this must be determined by the ordinary and obvious *indicia* of residence.

4.  RESIDENCE—*What is, in This State.*—Where a man has a settled and fixed abode, with the intention to remain there permanently for a

time, for business and other purposes, then in law such abode is his residence.

5. SAME—*Not Synonymous with Domicile in Attachment.*—Residence as used in the statutes is not synonymous with domicile.

6. SAME—*Actual and Legal Residence.*—A wide distinction has been recognized between an actual residence and a legal residence, the latter being generally deemed the domicile, and not the residence contemplated; the word "residence" being construed in its popular sense as the act of abiding or dwelling in a place for some continuance of time.

7. SAME—*Question One of Intention.*—The question as to what was the actual residence of the defendant at the time of the issuance of the attachment writ is one of intention, a fact to be submitted to the jury, upon proper instructions from the court.

Debt, on a judgment. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed March 13, 1900.

**Statement by the Court.**—March 29, 1898, appellee began an action of debt against appellant, declaring upon a judgment in its favor, rendered February 9, 1898, against appellant, in the Circuit Court of Ontonagon County, in the State of Michigan, and thereafter, on June 17, 1898, upon an affidavit for attachment, alleging, among other things, that appellant was not a resident of the State of Illinois, and that his place of residence was in New York City, a writ of attachment in aid was issued, which was, on June 18, 1898, served upon various persons as garnishees and levied upon certain real estate of appellant, which is situated in Cook county, the writ being made returnable on the third Monday of July, 1898. Service was had upon appellant by publication and mailing notice to him at New York City.

July 19, 1898, appellant, by his attorney, entered a special appearance for the purpose of objecting to and contesting the jurisdiction of the court in said cause, and also filed a plea in abatement, which alleges that at the time of the filing of the affidavit in attachment appellant was not a resident of the State of New York, but was then and at the date of said plea a resident of the State of Illinois, and not a non-resident of the State of Illinois. Appellant filed no plea to the merits of the action.

A trial before the court and jury resulted in a verdict finding the issues for the plaintiff and the amount of its debt to be $47,811.29, and assessing its damages at the same sum.    After overruling appellant's motion for a new trial and in arrest of judgment, the court entered judgment upon the verdict, from which this appeal is taken.

The evidence on behalf of appellee consists of two affidavits of Frank M. Witbeck, the appellant herein, made in the case of Miller v. Witbeck, in the Supreme Court of the City and County of New York, in the State of New York, sworn to, respectively, November 9 and October 13, 1894, the testimony of N. M. Jones, and a certified copy of the record, pleadings, judgment and proceedings in the Circuit Court of Ontonagon County, Michigan, in the case of the Marshall-Wells Hardware Co. v. Frank M. Witbeck, certified by the clerk of said last named court to be a true transcript of all the record and files in said cause and of the judgment of the court therein, to which was also attached a certificate of the presiding judge of the Circuit Court of the County of Ontonagon in the State of Michigan, that the attestation of the said clerk was in due form, according to the laws of that State, and also a certificate of the clerk of the same court, under the seal of the court, that the said judge was at the time of making his said certificate the presiding judge of said Circuit Court, duly elected and qualified, and that his signature to said certificate was genuine.

The substance of the foregoing evidence is that appellant had, in 1893, abandoned his residence in Chicago, and that he was in October and November, 1894, a resident of the city and State of New York, and that he intended to remain a resident of said city of New York; that his attorney in this cause could not state where he, appellant, was on June 17, 1898, but he believed he was in Chicago at that time, though he could not testify whether appellant was either in or out of the State of Illinois at that time; that a judgment ·was rendered by the Circuit Court of Ontonagon County, Michigan, against appellant and in favor of appel-

lee for $47,428.79 and costs of suit, $382.54; that the said Circuit Court of Ontonagon County had jurisdiction of the person of said appellant by appearance by his attorney in said cause; that the declaration in said cause in the Circuit Court of Ontonagon County set up a contract as a basis for recovery, which, by its terms, was to be performed during the whole of the year 1894, the suit being begun on December 21, 1894; that the declaration in said cause also contained the common counts, and the affidavit of claim of the plaintiff therein, among other things, states that Witbeck, the defendant in this suit, was indebted to the Hardware Co. in the "sum of $20,000 as near as may be, over and above all legal set-offs;" that the affidavit for attachment in the same cause is that Witbeck was justly indebted to the Hardware Co. in the "sum of $20,000, as near as may be over and above all legal set-offs;" that the writ of attachment in said cause shows a levy of the writ on certain lands and lumber valued at about $2,000, which was appraised at $1,851.61, but it does not appear that any execution ever issued upon the judgment, or that anything was realized thereon from the sheriff's levy.

The evidence on behalf of appellant consists of the testimony of several witnesses and his own deposition taken in New York during the year 1899. This evidence shows that at different times during the years 1895, 1896, 1897, and up to about March 16, 1898, appellant was in the city of Chicago, stopped at the Hotel Metropole in said city most of the time during the years 1895, 1896 and 1897, and that in July, 1897, he rented a flat on North Clark street, Chicago, where he kept house with his wife until March, 1898; that he paid rent for this flat up to May 1, 1898, and kept some furniture therein up to the latter date; that after May, 1898, his furniture was by his direction sent to and stored with his sister in another part of the city; that early in March, 1898, appellant broke up housekeeping and he and his wife separated, and he left the State of Illinois and went to New York, where he has ever since remained, living at hotels and doing no particular business, except that he made occa-

sional trips to Boston, Chicago and St. Louis, at which places he remained for short periods.

Appellant left Chicago some two weeks prior to the commencement of this suit, went immediately to the city of New York, where he remained until some months after the issuance of the writ of attachment in aid herein.  He testified, among other things, that when he left Chicago to go to New York, prior to the commencement of this suit, he did not know that the suit was to be brought; that he did not leave Chicago for the purpose of avoiding service of process, but that he went to New York "for two purposes; one was to see if I could recover some money for bad debts, and the other was to get away from a woman trouble.  I refer to my wife."  On cross-examination as to this matter, he testified: "The other reason that I came to New York in 1898 was on account of trouble with my wife.  She had not brought suit, but I knew it was coming.  She had threatened me;" and when asked whether he went away to avoid service of process, answered, "Well, I thought I could do better down here than I could there."  In answer to the question, "Did you go away to avoid service of any papers," he said, "Yes, I think I did, to face right up."

Appellant also testified that he came from New York to Chicago in the fall of 1894, but did not rent any offices in Chicago for business purposes, and did what business he had at his bank and his attorney's office; that he did not become interested in any new business, but was simply cleaning up and closing up his lumber business; that he did not have an office in Chicago from the fall of 1894 up to March, 1898, when he left Chicago, because the volume of his business did not warrant the expenses of an office.  He also testified that in 1898 and 1899 while in New York he registered at different hotels, giving his residence as Chicago, Illinois; that he also registered as a voter in Chicago in the fall of 1896 and voted at the presidential election of that year in Chicago, but had not registered at any place for the purpose of voting since then; and that at the time his deposition was taken he claimed that Chicago was his

residence, and that it was not his intention in March, 1898, to change his place of "residence from the city of Chicago to the city of New York, or any other city without the limits of the State of New York;" also that at the time his deposition was taken he did not expect to go back to Chicago for a great while; that he expected to return to Chicago, but had set no time for his return.

Among other instructions given for the plaintiff are the following:

"2d. If the jury believe from the evidence that the defendant had not maintained a residence in the State of Illinois for more than three months prior to issuance of the attachment writ in this case, and that he left Illinois about March 16, 1898, and went to the State of New York, for the purpose of residing there for a time, and with no intention of returning to the State of Illinois within any definite time, and that defendant under such circumstances was actually living in the State of New York at the time the attachment writ was issued, then the jury will find the attachment issue for the plaintiff."

"4th. That residence necessarily involves the idea of a local habitation or place of abode, and if the jury believe at the time of the issuance of the attachment writ, June 17, 1898, the defendant had no local habitation or place of abode within the State of Illinois, and that he was actually residing without said State permanently at least for an indefinite time, they should find the issues upon the attachment in favor of the plaintiff."

Among other instructions requested by the appellant was the following:

"That if they believe from the evidence that the defendant was, prior to about one year ago, a resident of this State and has been absent from Illinois for the greater part or all of the past year, but without the intention to avoid service in this suit, or remain away permanently from this State, the attachment will not lie."

But the court modified said instruction and gave it as follows:

"That if they believe from the evidence that the defendant was, prior to about one year ago, a resident of this State, and had been absent from Illinois for the greater part, if not all of the past year, but without the intention

to avoid service of legal process upon him or remain away permanently, at least for an indefinite time, from the State, the attachment will not lie."

Also the following :

" The jury are further instructed that if they believe from the evidence that the defendant was at the time of the beginning of this suit a resident of the State of Illinois then they should find the issues in the attachment for said defendant."

This last instruction was refused.

N. M. Jones, attorney for appellant.

A temporary absence by a person and his family, without acquiring another home, is not an abandonment of a residence or homestead.    Potts v. Davenport, 79 Ill. 455; Wilkins v. Marshall, 80 Ill. 74.

Flower, Smith & Musgrave, attorneys for appellee.

In attachment on the ground of non-residence, it is the actual residence of the debtor, and not his legal residence, or domicile, which determines the status of the defendant. Hanson v. Graham, 82 Cal. 631; Lawson v. Adlard, 46 Minn. 243; Dorsey v. Kyle, 30 Md. 512; Keller v. Carr, 40 Minn. 428; Peck Mfg. Co. v. Groves, 6 S. Dak. 504; Morgan v. Nunes, 54 Miss. 308.

Absence from the State, and having a fixed abode in another place, with the intention to remain permanently, at least for a time, on business or other purposes, will constitute non-residence, even if there be an intention to return at the expiration of the time.    Wells v. Parrott, 43 Ill. App. 656; Lawson v. Adlard, 46 Minn. 243; Wiltse v. Stearns, 13 Ia. 282; Waples on Attachment, Secs. 34, 39, 46, 47, 49; 8 Am. & Eng. Ency. of Law, 293; Carden v. Carden, 107 N. C. 214.

Mr. Justice Windes delivered the opinion of the court.

The principal question presented by appellant's counsel is as to whether appellant was a resident of the State of Illinois at the time of the issuance of the writ of attachment

in aid, and he also claims that there was no evidence as to the amount due on the Michigan judgment; that this judgment was premature, erroneous and excessive in amount; that the transcript thereof should not have been received in evidence; that the declaration in this case was filed too late; that there was error in the court's rulings upon instructions, and that the court should have allowed the motions in arrest and for a new trial.

After a full consideration of the evidence on the question of the residence of appellant at the time of the issuance of the attachment in aid, and at the time of the commencement of this suit, we think it is clear that appellant left the city of Chicago, where his residence was during the year 1895 and up to March, 1898, and went to New York about the 16th of March, 1898, for the purpose of avoiding the service of process upon him in the suit which he expected would be commenced against him by his wife for a divorce, and that with that purpose in view he gave up his residence in Chicago for an indefinite time, resided in hotels at New York, doing no particular business, and that up to the time of the taking of his deposition in February, 1899, he had no definite intention of returning to Chicago and there resuming his residence. This we are of opinion is sufficient to bring appellant within the purview of the clause of our statute with reference to attachments, and to make him a non-resident of the State of Illinois within the meaning of the statute at the time of the commencement of this suit, as well as at the time of the issuing of the attachment writ herein. Waples on Attachments, Secs. 34 and 39; Drake on Attachment (5th Ed.), Secs. 58, 61, 62, 64 and 65; Wheeler v. Cobb, 75 N. C. 21; Carden v. Carden, 107 N. C. 214; Lawson v. Adlard, 46 Minn. 243; Keller v. Carr, 40 Minn. 428; Hanson v. Graham, 82 Cal. 631; 8 Am. & Eng. Enc. Law, 291 and 294; Wells v. Parrott, 43 Ill. App. 656; Pullian v. Nelson, 28 Ill. 115; Barron v. Burke, 82 Ill. App. 116–21, and cases there cited.

In Waples on Attachments, Sec. 34, the author, in speaking of non-residence within the meaning of attachment statutes, says :

"The essential charge is that he is not residing, or living in the State; that is, he ·has no abode, or home within it, where process may be served so as effectually to reach him. In other words, his property is attachable, if his residence is not such as to subject him personally to the jurisdiction of the court, and place him upon equality with other residents in this respect."

The same author, in Sec. 39, says:

"A debtor may have his property attached, as that of a non-resident, if he has not a place of abode in the State at which summons can be served.  *  *  *  It may be correctly said, that attachment against the property of one absent from his domicile, and out of the State in which it is located, may be maintained as against a 'non-resident' where the statute provision uses the term so as to signify one not actually present and residing in the State when the writ is issued."

In the Carden case, *supra*, the court say:

"The prominent idea is that the debtor must be a non-resident of the State where the attachment is sued out, not that he must be a resident elsewhere.  *  *  *  The essential charge is that he is not residing or living within the State; that is, that he has no abode or home within it, where process may be served so as effectually to reach him."

In 8 Am. & Eng. Ency. of Law, 294, it is said:

"Protracted absence rendering the service of ordinary process impossible, is equivalent to non-residence, if there is no place within the jurisdiction at which the summons may be legally left."

In the Keller case, *supra*, the court, in speaking of non-residence, among other things, say:

"The question, then, becomes really a question of fact, whether the defendant's absence from the State has been of such a nature and duration that he has ceased to be an actual resident of the State, and this must be determined by the ordinary and obvious *indicia* of residence."

In Barron v. Burke, *supra*, this court, in speaking of what was a residence in this State, within the meaning of the attachment act, say: "Where a man has a settled and fixed abode, with the intention to remain there permanently for a time, for business and other purposes, then in

law such abode is his residence," citing cases, among others the case of Board of Supervisors v. Davenport, 40 Ill. 197, in which the Supreme Court say, on the same subject: "There must be a settled, fixed abode, an intention to remain permanently, at least for a time, for business or other purposes, to constitute a residence within the legal meaning of the term;" and the court held that the defendant in the case under consideration had two residences, one in Illinois and one in New York.

Most of the cases cited by appellant are with reference to statutes relating to elections and homestead, and can not be said to be strictly applicable in the construction of the attachment act. They relate rather to domicile than to residence. As to such the authorities make a distinction.

In Waples on Attachment, Sec. 39, the author says, in speaking of attachment statutes, "Residence, as used in the statutes, is not synonymous with domicile. One may have several residences, but he can have but one domicile. His principal residence is his domicile."

In the Lawson case, *supra*, the court say:

" A wide distinction has been recognized between an actual residence and a legal residence, the latter being generally deemed the domicile, and not the residence contemplated; the word 'residence' being construed in its popular sense as the act of abiding or dwelling in a place for some continuance of time."

So, in the case at bar, it might well be held that appellant's legal residence or domicile was in the State of Illinois, while his actual residence was in New York. See also Drake on Attachment, Secs. 58 and 65.

In any event, as contended by appellant, the question as to what was the actual residence of appellant at the time of the issuance of the attachment writ, was one of intention, a fact to be submitted to the jury, under proper instructions from the court (Risewick v. Davis, 19 Md. 94), and we can not say that the evidence did not entirely justify the jury in finding that appellant's actual residence was in the State of New York.

The certified copy of the judgment rendered in the Mich-

igan court was, in our opinion, ample to prove the amount due thereon, and justified the judgment rendered herein, which was for the amount of the Michigan judgment and the costs shown by a certified copy of the bill of costs of the Michigan court. No interest seems to have been included which might properly have been allowed.

The contention that the Michigan judgment was premature, erroneous and excessive in amount, is a matter of which we have no cognizance, under the facts of this case, which show that the Michigan court had jurisdiction. If there was error in the rendition of the judgment by the Michigan court, it having jurisdiction and no fraud being charged, that is a matter which would have to be redressed in a direct proceeding by appeal or writ of error from that judgment. Black on Judgments, Secs. 252, 261 and 267; Freeman on Judgments, Sec. 435; Danforth v. Danforth, 111 Ill. 241; People v. Seelye, 146 Ill. 221.

The claim that the transcript of the Michigan judgment was not properly admitted in evidence is not tenable for two reasons: First, it does not appear by the abstract that any objection was made to its admission in evidence; and second, it seems to have been properly certified under the acts of Congress.

The claim that the declaration in this case was filed too late, is not tenable, because no service of process was had upon appellant, and he did not enter his appearance until the July, 1898, term of the court, and the declaration was filed before that term, to wit, July 7, 1898.

Complaint is made of the use, in plaintiff's instruction No. 2, of the phrases "within any definite time" and "actually living in the State of New York at the time," and also that the instruction fixes the date of the writ of attachment as the time which should govern as to appellant's non-residence, instead of the date of the commencement of the suit. We see no objection to the instruction in the respects mentioned. The non-residence should be determined as of the time the affidavit was made, as that was the commencement of the attachment. Pullian v. Nelson, 28 Ill. 115.

APPELLATE COURTS OF ILLINOIS.

The fourth instruction is criticised because of the use of the phrases, " local habitation or place of abode " and " permanently, at least for an indefinite time." We see no objection to the use of the phrases in the connection in which they are used in the instruction. The same is true with reference to the modification of appellant's instruction quoted in the statement preceding this opinion. 40 Ill. 97, *supra*.

The refused instruction asked by appellant, and quoted in said statement, was in substance covered by other instructions.

It is also claimed that the court erred in instructing the jury to assess plaintiff's damages at $47,811.29, if they should find for the plaintiff. There was no error in this respect. No defense was made upon the merits, and the proof justified the instruction.

No argument is made with reference to the rulings of the court in denying the motions in arrest and for a new trial which are not fully covered by the other contentions of appellant's counsel, to which we have referred and disposed of.

Being of opinion that there is no reversible error in the record, the judgment is affirmed.