## Augustus C. Beckstein v. John Gall.

1. FELLOW-SERVANTS—*The Relation Found to Exist.*—The court finds that the injury for which this suit was brought was caused by the negligence of a fellow-servant of the plaintiff (appellee) and that the defendant (appellant) is not liable.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1897. Reversed. Opinion filed March 29, 1897.

WALKER & EDDY, attorneys for appellant.

WILLIAM A. DOYLE and JAMES D. ANDREWS, attorneys for
appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

When this case was here with the names of the parties
reversed—66 Ill. App. 478—we said that whether there was
any other ground for refusing the appellee a judgment on
the verdict in his favor, was a question not before us. Now
it is.

On the evidence it appears that the appellee and a fore-
man under whom the appellee worked for the appellant,
were unloading barrels of salt from a wagon, to which work
the foreman had called the appellee. The barrels were
open at one end, and the mode of unloading was that each
man took hold of the barrel, and lifted it from the wagon to
the ground. Probably by the haste of the foreman the
appellee failed to get a firm hold on his side of the barrel,
and it fell, breaking the leg of the appellee.

We did say on the other appeal—looking only to the
language of the declaration and the special findings—that
" it is not the law that if a master wrongfully puts his serv-
ant in danger, to co-operate with another servant, that the
carelessness of the latter, co-operating with the danger, dis-
charges the master from responsibility," and we believe still
what we then said; but on the evidence there is no ground
to say that the appellee was put in danger, as words are used
in common speech. Danger there is always—everywhere.

But the work to which the foreman called the appellee
was work which jointly they could easily do, but in which,
as the event seems to prove, more care by each for the safety
of both was necessary than the foreman exercised.

For want of care by the foreman, the appellant is not
responsible to the appellee—a fellow-servant.

The appellant asked an instruction that the verdict must
be for the defendant; it was refused, and the appellant
excepted.

He was entitled to that instruction, and for the error in
refusing it the judgment is reversed without remanding.