Dolese & Shepard Co. v. Schultz.

---

## Dolese & Shepard Co. v. Frank Schultz.

1. FELLOW-SERVANTS—*Foreman and Employes.*—Where a foreman and an employe are laboring together, unloading stone with a derrick, negligence of the foreman in such work is the negligence of a fellow-servant.

2. MASTER AND SERVANT—*What Risks the Servant Assumes.*—A servant assumes the ordinary and usual hazards of the business in which he is engaged.

3. NEGLIGENCE—*Verdict of a Jury, When Justified in Finding.*—Where a foreman and an employe are engaged in unloading stone with a derrick, which had become obstructed, to continue its motion without stopping while the employe was endeavoring to get it loose, is sufficient to justify the jury in finding it to be actionable negligence.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 18, 1902.

Appellee was injured while assisting in unloading stone from a car. Stone was unloaded by appellant by means of a derrick at the side of the car, the boom of which was elevated over the car; the stones were grasped by hooks fastened to the cable which ran over the end of the boom into the car. The cable was attached to a windlass at the foot of the derrick, and men turned the crank, thus pulling on the cable and raising the stone toward the end of the boom.

Appellee had worked for Dolese & Shepard about a month and a half before the accident and had been unloading cars five days when the accident occurred; he had also worked in quarries in Saxony, and with derricks, before. The day of the accident hooks were attached to a stone lying on the floor of the car, and a signal was given by the foreman to hoist away. The stone was hoisted up; as it raised it scraped against the side of the car (which was about three feet high) until it caught upon the side of the car and its progress was arrested. At this, appellee says, the foreman ordered him to get the stone loose, and that in obedience to the order he took hold of the stone, and with the assistance of the foreman dislodged it, he being at this time at the north side of the stone, and the foreman at the south side. As he did so, the stone (he claims) whirled against him, causing the injury complained of. He testified that while he was releasing the stone the derrick continued to operate, raising one end of the stone, the other being caught so that at the time the stone was released it was in a slanting position, one end being caught and the other end continuing to ascend in obedience to the efforts of the men at the windlass. He testified that he had seen the stones caught before when they were being raised; that he saw all the stones that were hoisted, catch on the side of the car.

Appellant's witnesses deny that there was an order of the foreman to loosen the stone, and say that appellee was ordered away from the stone.

There was a verdict and judgment for appellee for $1,500.

F. J. CANTY and J. C. M. CLOW, attorneys for appellant; J. A. BLOOMINGSTON, of counsel.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant urges that "the failure to stop the derrick was not the proximate cause of the accident; that the same result would have been brought about if the stone had been

stationary;" that the negligence, if any, of the foreman in failing to order the derrick stopped was the negligence of a fellow-servant; "that appellee assumed the risk of the failure of the foreman to stop the derrick;" and "that an order to a servant to do work incident to his business is not negligence."

With what might have happened if something had been done that was not, we are not in this action concerned; whether the failure to stop the derrick was a proximate cause of the injury is material.

While it is true, as appellant says, that "the force of gravity is immutable and attracts a body toward the center of the earth whether it is stationary or ascending," it does not follow that an ascending weight will pursue the same path, diverging laterally, if at all, in the same way, whether it move freely or be caught and hindered by an obstacle pressing against its side.

In the present case common observation would have indicated that the stone, if continually pulled upward while caught on the side of the car, would swing to one side when released. If appellee was ordered to loosen the stone, and while doing so appellant's workmen continued to pull the stone up, he was injured in consequence of such order and such pulling.

We do not regard the order to loosen the stone, whether given with or without an oath, as negligence. Such order was but to do work incident to the service in which appellee was engaged; the business for which he was hired; the work he undertook to do. An order to do this, although the task be hazardous, is not negligence. Fitzgerald v. Honkomp, 44 Ill. App. 370; Nordstrom v. McArthur Bros., 87 Ill. App. 554.

To continue, with the great force of a derrick, to raise this stone, while appellee, close thereto, was pulling it free, the jury have found to be actionable negligence. We can not say that the evidence did not justify such finding.

Where a foreman and an employe are laboring together, each doing the same kind of work, as lifting a barrel of salt or a stone, negligence of foreman in such task is negligence

of a fellow-servant.    Beckstein v. Gall, 69 Ill. App. 616; Gall v. Beckstein, 173 Ill. 187.

In the present case the foreman was directing.    Under his supervising, the derrick continued to raise the stone while appellee, in obedience to his order, was getting it loose.    The foreman was thus acting as a vice-principal and not as a fellow-servant.

Was the failure to stop the derrick an incident of appellee's employment?

A servant assumes the ordinary and usual hazards of the business in which he is engaged.

There is no evidence that the continued operation of this derrick while appellee was loosening the stone, being lifted by it, was a hazard of his employment, and the jury have found that it was not.

We find no error in the giving or refusing of instructions nor in the trial of the cause, requiring a reversal of the judgment of the Superior Court.    It is therefore affirmed.