## John M. Harvey v. Chicago & Alton Railway Company.

1. CONTRIBUTORY NEGLIGENCE—*when, will not bar recovery.* Notwithstanding the doctrine of comparative negligence has been abolished in this state, it is still the law that although a person may be negligent, unless such negligence amounts to a want of ordinary care, it is not sufficient to bar recovery. Slight negligence is not incompatible with due and ordinary care and if one has proceeded with ordinary care, though slightly negligent, he has observed the degree of care required by law.

2. INSTRUCTION—*when, as to right of recovery, erroneous.* An instruction which in effect requires the plaintiff to prove all the allegations of each and every count of his declaration, is erroneous.

3. INSTRUCTION—*when error in, will not reverse.* An instruction cannot be complained of for a vice common to an instruction given at the instance of the complaining party.

4. INSTRUCTION—*when, properly refused, though correct.* An instruction may properly be refused where the principle attempted to be announced is correctly stated in and covered by another given instruction.

5. INSTRUCTIONS—*accuracy required in, where case is close.* Where the evidence is conflicting and the case is close, it is essential that the jury be accurately instructed.

6. CARRIER—*duty of, to passenger alighting from train.* The duty of a carrier to its passengers in carrying them to their destinations is not only to exercise the highest degree of care and prudence consistent with the practical operation of its road, but also to exercise the same care to afford them reasonable opportunities to leave its train.

7. NEGLIGENCE—*when instruction upon subject of, erroneous.* An instruction which tells the jury that it was not negligent on the part of the railroad company to stop its train before it came to a station platform, is misleading where the declaration charges a combination of concurring acts as constituting the negligence relied upon as a basis of recovery.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed October 14, 1904.

JOHN E. POLLOCK and BEN L. GOODHEART, for appellant.

DE MANGE & HOBLIT, for appellee; F. S. WINSTON, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, by appellant against appellee, to recover for damages for injuries alleged to have been sustained by him while a passenger upon one of appellee's trains, and as the result of its negligence. The jury returned a verdict of not guilty, upon which judgment was rendered in bar of the action. The plaintiff appeals.

The facts involved, so. far as we deem it necessary to recite them, are substantially and briefly as follows: On the evening that appellant was injured he became a passenger upon one of appellee's trains, consisting of an engine, smoking car and passenger coach, for the purpose of being carried from Minier to Covel, a station a few miles east of Minier. As the train approached Covel about eight o'clock, the station was announced by one of the train men. Through a miscalculation of the engineer the train first stopped a few feet west of the platform. The train then started up again to pull up to the platform. As it did so, appellant left his seat and went upon the platform of the smoking car, in which he had been riding, and while the train was still in motion, stepped upon the lower step and thence to the ground. In so doing he fell and was seriously injured.

The negligence charged in the declaration, which consisted of four counts, substantially similar as to the material averments thereof, was the failure of appellee to keep the station platform properly lighted so that passengers might safely alight from the train; mismanagement of the train in stopping the same before its arrival at the station platform, and negligent conduct and statements of those in charge of the train whereby appellant was led to believe that it had arrived and stopped at the station platform, and that he might safely alight therefrom.

The evidence upon the question as to whether the premises were sufficiently lighted was close and conflicting. The evidence as to the mismanagement of the train, introduced by appellant, tends to show that while he was standing upon the step of the platform of the car, the brakeman called out "All right," and that acting upon such statement he attempted to alight; while that upon the part of the appellee tends to show that no such call was made and that before appellant stepped off the platform of the car, he was warned by both the conductor and brakeman to wait until the train had pulled up and stopped. Whether or not appellant was guilty of a want of ordinary care in alighting from the train while it was in motion was essentially a controlling question, upon which his right of recovery depended. By the defendant's fifth given instruction, the jury were told that if the "plaintiff's own lack of care, or negligence, contributed in any degree to the happening of the accident" he could not recover. By defendant's tenth given instruction they were told that the plaintiff had the burden of proving that he was not chargeable with negligence or carelessness, which in any degree caused his injury. These instructions were erroneous.

Notwithstanding the doctrine of comparative negligence has been abolished in this state, it is still the law, that although a person may be negligent, unless such negligence amounts to a want of ordinary care it is not sufficient to bar a recovery. Slight negligence is not incompatible with due and ordinary care, and if one has proceeded with ordinary care, though slightly negligent, he has observed the degree of care required by law. C. & E. I. R. R. Co. v. Randolph, 199 Ill. 126.

Defendant's second, fifth and twelfth instructions are erroneous in that they, in effect, require the plaintiff to prove all the allegations of each and every count of the declaration. Inasmuch, however, as appellant's first and sixth given instructions are faulty in the same particular, we would not be justified in reversing the judgment because of such error. Coal Co. v. Dielie, 208 Ill. 123.

The fourteenth instruction given for defendant incorrectly states the duty of the defendant to passengers while alighting from trains. The duty of a railroad company to its passengers is not only to exercise the highest degree of care and prudence consistent with the practical operation of its road in carrying them to their destinations, but also to exercise the same care to afford them reasonable opportunities to leave its train. Chi. T. R. R. Co. v. Schmelling, 197 Ill. 630.

The eleventh instruction given for the defendant told the jury that it was not negligence on the part of the defendant to stop its train before it came to the station platform. The declaration charges a combination of concurring acts as constituting the negligence relied upon as a basis of recovery. The instruction was therefore misleading, and should not have been given. It is also erroneous for the reason that there was no evidence upon which it could be predicated.

Complaint is made of the refusal of two instructions offered by appellant. We have examined the same and are of the opinion that they were properly refused. The principle attempted to be announced in the first is correctly stated in and covered by appellant's second given instruction; while the second is faulty for the reason that the defendant was not responsible for the plaintiff's erroneous suppositions unless the same were created by its negligent acts or omissions; which qualification is not incorporated in the instruction. Where the evidence is conflicting and the case is close, as in the suit at bar, it is essential that the jury should be accurately instructed. Rumbold v. Royal League, 206 Ill. 513.

For the errors indicated in the instructions to the jury, the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*