DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.

---

### John M. Harvey v. Chicago & Alton Railway Company.

1. REMARKS OF COUNSEL—*how objections to, cannot be preserved.* Objections and exceptions to the remarks of counsel cannot be preserved for review by their mere incorporation in a motion for a new trial.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed November 24, 1905.

B. L. GOODHEART, for appellant; JOHN E. POLLOCK, of counsel.

KERRICK & BRACKEN, for appellee; F. S. WINSTON, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellant to recover damages for injuries sustained by the alleged negligence of appellee. The declaration consists of four counts. The first three allege negligence of appellee in failing to have its depot platform properly lighted, and in the operation of its train, and the fourth count alleges in addition that appellee's brakeman called out "All right," before the train had stopped at the station platform, whereby appellant was

(442)

induced to believe the train had come to a stop and he could alight therefrom in safety. There have been two trials of the case, each resulting in a verdict and judgment for appellee. The former judgment was reversed by this court and the cause remanded for error in giving instructions. 116 Ill. App. 507. The evidence on the last trial was substantially the same as that adduced on the former trial, and we therefore re-adopt the statement of facts in the former opinion of this court.

Charles Kauffman, a witness called for appellee, testified that some time after the injury appellant stated to him that he (appellant) was partly to blame himself. Upon appellant being recalled as a witness in his own behalf, he denied making the statement attributed to him by the witness Kauffman, and was then asked by his counsel: "At that time, if you had such a conversation, I will ask you to state if you knew anything or had taken counsel as to what your legal rights were." Appellee's objection to the question was sustained by the court and error is assigned on such ruling. Appellant's statement to Kauffman, if made, clearly had reference to a matter of fact, not a question of law, and whether appellant had or had not at that time consulted counsel as to the law of the case was immaterial. No other ruling of the court in the admission or exclusion of evidence is pointed out or argued by counsel for appellant.

It is urged that the court improperly restricted counsel for appellant in his argument to the jury by sustaining objections thereto interposed by counsel for appellee. The record does not disclose the language used by counsel in argument, nor the objections by counsel for appellee, nor the rulings of the court, nor the exceptions thereto. These matters cannot properly be preserved for review by incorporating them in the motion for a new trial, but must appear in the bill of exceptions. C. & E. I. R. R. Co. v. Finnan, 84 Ill. App. 383; Crown Coal & Tow Co. v. Taylor, 184 Ill. 250.

The first instruction requested by appellant and refused by the court was properly refused, because it assumes that

the injury sustained by appellant was occasioned by the negligence alleged in the declaration. The second refused instruction was fully covered by the fifth instruction given on behalf of appellant. The third refused instruction assumes the negligence alleged in the declaration and that such negligence occasioned the injury complained of. The third and fourth instructions given at the request of appellee are open to the objection that they submit to the jury the determination of the material allegations of the declaration, but as the declaration did not go to the jury no harm could have resulted to appellant. The other instructions given on behalf of appellee state the law applicable to the case with substantial accuracy.

A clear preponderance of the evidence in the case shows that appellant was expressly warned by the conductor not to alight until the train came to a stop at the platform; that the brakeman did not say "All right," as claimed by appellant; and that the light afforded by the lanterns carried by the brakeman and conductor, the former of whom was standing within three feet of appellant on the lower step of the platform on the next car, and the latter on the same platform with appellant, was sufficient to enable appellant to see the platform and assure himself that the train had come to a stop, if he had been in the exercise of ordinary care for his own safety.

The language of counsel for appellant in argument in this court is intemperate and uncalled for by anything appearing in the record, and if the argument of counsel before the jury was characterized by like improper denunciation and departure from the issues involved, the trial court very properly sustained the alleged objections interposed thereto.

The judgment of the Circuit Court is affirmed.

*Affirmed.*