**Martha A. King, Administratrix, Plaintiff in Error, v. Illinois Midland Coal Company, Defendant in Error.**

1. MASTER AND SERVANT—*when order to do work does not remove operation of doctrine of assumed risk.* An order which does not require a servant to do the work directed in any particular manner and which is not a specific order to do or perform any act outside of the line of his employment, the appliances for doing such work without danger being provided, is not such an order as will operate to avoid the assumption of risk or relieve the servant from its obligation.

2. CONTRIBUTORY NEGLIGENCE—*what lack of ordinary care will bar recovery.* The law requires a plaintiff suing for personal injuries to show the exercise of due care and caution and any lack of due care and caution will defeat a recovery if the same contributed to the injury complained of.

3. INSTRUCTIONS—*when inaccuracies will not reverse.* Slight inaccuracies in instructions will not effect a reversal.

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed October 18, 1910.

A. SALZENSTEIN and JOHN L. KING, for plaintiff in error.

BROWN, WHEELER, BROWN & HAY, for defendant in error; MASTIN & SHERLOCK, of counsel.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Defendant in error was engaged in mining coal. In connection with its business it had in use a mechanical device for loading coal in box cars; this device was known as a rocker; it was constructed at the tipple of the mine and was a device which permitted box cars, when being loaded with coal, to be tipped by raising one end higher than the other for the purpose of placing the coal in the ends of the car. The machinery which operated this rocker was underground, upon each side of the car, and at either end of the rocker platform were two rocker arms projecting above the surface of the ground about four and a half feet; they were about two feet in width, and were constructed about five feet from either rail of the track upon which the cars were placed for loading and came within about six inches of the side of the box car when placed upon the rocker to be loaded.

Plaintiff's intestate was employed by defendant to work around the top of the mine and to perform duties in connection with the setting of box cars upon the rocker and loading the same, and his duties also required him to do and perform whatever work might be required to be performed by a laborer at the top of the mine. Deceased had been in the employ of defendant about a day and a half, but had previously been employed in other mines, one at Riverton, in the same capacity.

Upon the day in question the superintendent of the mine was having placed on the rocker platform a box car for loading; four other cars were coupled to this car and in moving it to the rocker it became necessary to run the four other cars past the rocker, uncouple them and stop this car upon the rocker; as the car approached the rocker platform deceased was directed by the foreman to uncouple it from the others; while attempting to do this deceased was caught between the side of the car and the rocker arm which extended four and a half feet above the surface of the ground on the

west side of the car, this being the northwest rocker arm of the loading device.

Plaintiff's intestate was injured and died a short time after the injury. This action is brought by his administratrix to recover for his death. The trial below resulted in a verdict for defendant and a judgment against plaintiff for costs, and to reverse that judgment she prosecutes her appeal.

The declaration on which trial was had consisted of two counts, being the second and third amended counts; upon the first count a verdict was directed by the trial court on the ground of variance; no errors are assigned thereon. The two remaining counts of the declaration charge defendant with negligence in failing to provide a reasonably safe place in which deceased could perform the services required of him, and that deceased was ordered and directed to do a specific thing by defendant's superintendent and in the performance of that thing plaintiff's intestate was injured, and that by reason of the specific direction the doctrine of assumed risk does not apply.

The record in this case discloses that deceased was employed by defendant only a short time previous to the accident; that his duties required him to do any work required to be done by the superintendent at the top of the mine and that this included the setting and placing of box cars upon the rocker to be loaded and to work around the cars, when the same were being loaded.

Upon the day in question there were five cars upon the siding and in order to place the car, which it was decided to load, upon the rocker platform at the tipple it became necessary to run four cars past the tipple and over the rocker; as these cars approached the rocker they were running at about three miles per hour. The cars were supplied with an automatic coupler which was operated by an arm or lever connected with a pin which coupled the cars; the arm or lever extended

to the outside of the cars and it was unnecesary to go between the cars for the purpose of coupling or uncoupling them. As these cars approached the tipple and the rocker the superintendent of defendant attempted to uncouple this car from the other cars and after making such attempt, climbed upon the car for the purpose of setting the brake and stopping it upon the rocker, but not knowing whether his attempt to uncouple the car was successful, as the car continued to approach the rocker and was about ten or twenty feet therefrom, the superintendent ordered and directed deceased to uncouple this car from the other cars. This order was misunderstood by the deceased and he picked up a stick of wood to block the car so as to stop it at this point. He was then again told by the superintendent of defendant to uncouple the car from the rest and be careful and not get hurt in doing so. He then undertook to uncouple the car; whether he did it by the use of the lever is not known, as the next seen, or heard of him, was when he screamed at the time of the injury. Parties then looking in his direction saw that he was caught between the rocker arm and the car. The rocker arm which was a part of the machinery of the rocker platform was so constructed that it was impossible for any one to pass or remain between the car and this rocker arm without being injured.

At the time of the direction given to plaintiff's intestate, the car was at least ten feet from the rocker arm and was moving at about three miles per hour. The rocker arm was in plain view and from the point at which deceased was injured it was easily discernible; and it was patent to any one using his sense of sight, that it was impossible to pass or be between the car and this rocker arm. The order given to plaintiff's intestate did not command or direct him to do any act which was dangerous or calculated to harm or injure him and the order and direction so given was one of the necessary and usual orders required for the per-

formance of the duties for which plaintiff's intestate was employed. The order did not require the deceased to do the work in any particular manner and the appliances for executing it without danger were provided. It was not a specific order to do or perform any act outside of the line of employment for which deceased was engaged, and was not such an order as could operate to avoid the assumption of risk or relieve the deceased from its application. Linderman Box & Veneer Co. v. Thompson, 127 Ill. App. 134; I. C. R. R. Co. v. Sporleder, 199 Ill. 184; Dolese & Shepard Co. v. Schultz, 101 Ill. App. 569.

Plaintiff criticises the instructions given on behalf of defendant and it is insisted that the question of assumed risk should not have been submitted to the jury. Plaintiff is not in position to raise this question, upon this record, for the reason that the instructions offered and given on behalf of plaintiff submitted to the jury the same question, and having by her own instruction authorized and requested that this question be submitted to the jury, she cannot complain that defendant submitted instructions of a like character.

Plaintiff criticises the sixth instruction given on behalf of defendant and insists that the instruction is bad. The instruction is as follows:

"The court instructs the jury that if you believe from the evidence in this case that John King, deceased, at and just prior to the time of the accident, was not in the exercise of due care and caution for his own safety which a person of reasonable prudence would have exercised under the same or similar circumstances, and that his negligence in any manner, no matter how slightly, contributed to the accident, that in that event your verdict should be for the defendant."

This instruction informed the jury that it is necessary for plaintiff to show that her intestate was in the use of ordinary care at the time of and just before the accident and directed the jury that if they found that

the lack of ordinary care upon the·part of plaintiff's intestate contributed, even slightly, to the injury then plaintiff cannot recover. This instruction does not tell the jury that slight negligence on the part of plaintiff's intestate would prevent a recovery but that where the lack of ordinary care contributed in any degree to the injury then the plaintiff cannot recover; this is the correct rule of law. The law requires that plaintiff shall show the exercise of due care and caution on the part of her intestate and any lack of due care and caution on his part, which contributed to the injury, no matter how slight, will defeat a recovery, and this is the rule applied by this court in Harvey v. C. & A. Ry. Co., 116 Ill. App. 507, and there was no error in giving this instruction.

It is insisted also that the court erred in giving instruction No. 5 on behalf of defendant. This instruction related to the question of damages and the jury, having found for the defendant, it is self-evident the jury never arrived.at the point where it became necessary to consider the question of damages and that although this instruction is inaccurate, it is not such an instruction, considering the finding of the jury for the defendant, that would require a reversal. We think the jury was warranted in the finding made by it and we find no reversible error in any of the instructions given by the trial court.

The judgment is, therefore, affirmed.

*Affirmed.*