**James Leonard, Defendant in Error, v. Excelsior Motor and Manufacturing Company, Plaintiff in Error.**

## Gen. No. 18,749.

1. MASTER AND SERVANT, § 410*—*when order does not relieve from assumption of risk or contributory negligence.* A general order or direction to an employe to do certain work for which he is employed and with which he is familiar, leaving the method of performance to the employe, is not such an order as will relieve him from the law of assumed risk or of the law of contributory negligence. To have the effect to relieve him of the law of assumed risk the order must be specific to do a particularly dangerous act outside the line of his employment, or to do a particular work in a particular manner calculated to cause him injury.

2. MASTER AND SERVANT, § 191*—*duty to warn servant.* It is the duty of the master to exercise reasonable care to give his employe due and timely warning of all the dangers and hazards of his

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

employment that are not open and obvious only in such cases as the employe is ignorant of such dangers and hazards.

3. MASTER AND SERVANT, § 312*—*what hazards assumed.* The servant assumes all the ordinary risks or hazards of his employment that are usually incident to it, and the extraordinary hazards of which he has notice, or which in the exercise of his faculties he ought to have noticed.

4. MASTER AND SERVANT, § 810*—*when instruction on assumption of risk erroneous.* An instruction telling the jury "that while the plaintiff assumed all the ordinary risks or hazards incident to his employment of which he was informed, or by. the exercise of reasonable care he could have informed himself," *held* erroneous.

5. MASTER AND SERVANT, § 779*—*when instruction on question of negligent order not warranted.* Where there is no proper count in the declaration based upon a negligent order of the master's foreman, and no evidence upon which ·to predicate a finding that a negligent order was given, the giving of an instruction as to the law in case of a negligent order is error.

6. MASTER AND SERVANT, § 862*—*when instruction on duty to warn servant erroneous.* An instruction stating that it is the duty of the master to exercise reasonable care to give his employe due and timely warning of all dangers and hazards of his employment that are not open and obvious, *held* erroneous because not qualified by limiting it to all such dangers of which the employee was ignorant.

7. MASTER AND SERVANT, § 777*—*when instruction stating abstract propositions of law prejudicial.* The giving of an instruction which states a mere abstract proposition of law not directly applicable to the case, and undertaking to state in abstract propositions when a verdict should be given against the master for personal injuries, *held* prejudicial error.

8. MASTER AND SERVANT, § 777*—*when modification of instruction erroneous and misleading.* An instruction "that if you believe from the evidence in this case that the negligence of a fellow-servant of the plaintiff, either alone or combined with the negligence of the plaintiff, was the proximate cause of the injury, * * * you should find the defendant not guilty," *held* proper, and the giving of the same with a modification added in these words: "Unless the master was also negligent and that such negligence, if any, combined and co-operated with the negligence of a fellow-servant to bring about the injury and that the plaintiff was in the exercise of ordinary care for his own safety," *held* misleading.

Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed May 20, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Miller, Gorham & Wales and W. G. Shockey, for plaintiff in error.

Blaisdell & Ranes, for defendant in error; Harry F. Brewer, of counsel.

Mr. Justice Duncan delivered the opinion of the court.

James Leonard recovered a judgment of two thousand five hundred dollars against Excelsior Motor & Manufacturing Company, plaintiff in error, for personal injuries sustained by him while employed as a laborer for said corporation.

Plaintiff in error manufactured automobile engines, and had employed defendant in error to transport the engines to and from the various parts of the factory building by means of a movable crane. The crane consisted of a triangular V-shaped truck with one side open and made of $3 \times \frac{3}{8}$ inch iron, the three sides being between three and four feet long, and the truck was supported by three iron wheels about seven inches in diameter, one under each angle. At the apex of the closed angle there was a perpendicular post seven or eight feet high and bent over from the top to support a pulley and an iron cable and hook that hung over the centre of the truck. There was a winch with a handle on the side of the post and a wire cable was wound around the drum and then extended over a roller near the top of the post and thence to the pulley and hook to which it was attached. In front on the bottom frame was a long iron handle by which the crane was drawn.

To move an engine at plaintiff in error's factory three men were required. A rope or chain was first bound around the engine and then caught by the hook on the pully, and by turning the drum or winch the engine was hauled up and suspended in the air by the cable about four feet high right over the middle of the truck. One man then pulled the crane by its handle

while the other two men followed up and steadied the engine with their hands to prevent it from swaying about while the truck was being moved over the floor to the place the engine was to be moved.

The first count of the declaration charged that plaintiff in error negligently maintained in its factory a certain dirt and cinder floor so that divers holes, depressions and rough places were allowed to be and remain therein, and certain portions thereof were firm and compact while other certain portions thereof were loose and soft; that on October 24, 1910, defendant in error was a laborer and general helper in said factory performing the duties of his employment and was then and there ordered and directed by a certain vice-principal of plaintiff in error, not his fellow-servant, to assist in moving an engine of great weight on and over said floor by means of said crane; that pursuant to said order and direction he did assist in moving said engine over said floor by means of the crane, and while so doing said crane unavoidably dropped into one of said holes and soft places in said floor so negligently maintained and by reason thereof said crane and engine upset and said engine struck and fell upon and injured him.

The second count charges the negligent maintaining of said floor, and his employment there, in practically the same language used in the first count, and further charges that said vice-principal, not his fellow-servant, negligently ordered and directed him to assist in moving said engine with said crane over said floor without informing him of said defective condition of the floor; that he did so assist in moving said engine and, while so assisting, the wheels of the crane sank into the floor in said holes and soft places and by reason thereof the engine and crane upset and struck him with great force and injured him.

The third count charged that he was injured by reason of plaintiff in error's negligence in furnishing him with an unstable and dangerous crane with which

to move said engine and without informing him of the dangers thereof. A verdict of not guilty was directed by the court as to the third count.

The fourth or additional count charges that plaintiff in error negligently furnished him with an unsafe and dangerous place in which to work, to wit; said floor described to be defective as in said first count charged; that on said day he was ordered and directed by said vice-principal, not his fellow-servant, to assist in moving said heavily loaded crane over said floor; that pursuant thereto he did so assist and that the crane and load upset by reason of the wheels sinking into said floor, and by reason thereof the crane and load fell upon and injured him.

The engine that injured defendant in error weighed about four hundred and fifty pounds, and the injury occurred in the testing room at plaintiff in error's factory, a well lighted room 25 x 60 feet, and while moving said engine with the crane from a testing stand in the south end of the room to a wooden bench about two feet high and fourteen feet long sitting east and west and near the north end of said room. Just north of the bench was a gangway about nine feet wide between the bench and some belt stands. The gangway and the floor of the testing room over which the engine was moved was composed of dirt and cinders, and the evidence for defendant in error clearly showed the floor and gangway to be full of holes and soft places, as charged in the declaration, while the evidence for plaintiff in error was equally as clear and positive that the floor was hard and smooth without such defects. The evidence further showed that defendant in error was a machinist of four years experience and had used movable cranes before, but different in construction to the one in question; and that he had worked for plaintiff in error three days only at the business of moving engines for plaintiff in error, and had moved about three others with the crane in a similar way on the third day and just before he was injured.

Leonard testified that about one o'clock of the third day, Charley Mantel, his foreman, ordered him and his two colaborers, Bray and Kemp, to move the engine in question from a testing stand in the south end of the testing room to said bench, but left it to him and Bray and Kemp as to the manner of doing the work without giving them directions how to move it; that they got the engine suspended over the truck of the crane and moved it over the dirt and cinder floor northward, Bray in front pulling the crane by the handle and he and Kemp following up and steadying the engine with their hands; that they turned east into the gangway north of the bench, and that when near the east end of the bench Bray called out, "How far are you off;" that he replied, "All right," and that then Bray started to back the crane under the bench by pushing back on the handle, and that before he got it a foot back, "there was a chock of the crane," and over it came and the engine fell on him; that he did not know whether the crane dropped into a hole or whether it struck something in front of the wheel; that that engine was the only one he had ever moved to that particular bench; that he knew the floor had holes and bad places in it, but not at that particular spot where the injury occurred, and that he did not know the crane would turn over if the engine swung very much; that his business was to steady the engine so it would not get marked or scratched; that when Bray started to back the crane Kemp let go and stepped over the bench and then back again before it fell, and was showing Bray how to back the crane when it overturned.

Plaintiff in error urges as grounds for a reversal of the judgment that defendant in error was injured by reason of his own contributory negligence and by reason of the negligence of Kemp, his fellow-servant, and that he assumed the risk. We will not discuss these questions on the merits of the case as the judgment must be reversed for erroneous

instructions given to the jury by the court. The case is a very close one upon the question of the assumption of the risk by the defendant in error. A case ought to be first considered by a jury under proper instructions, unless there is a failure to introduce evidence tending to support all the material averments of the declaration. We are not satisfied that the jury ever really passed upon the real issues upon which the case turns.

The declaration does not really and properly charge in any count that defendant in error was injured by reason of any negligent order of a vice-principal of plaintiff in error. There was certainly no evidence in the record tending to prove that any negligent order was given by plaintiff in error or by its vice-principal. A general order or direction to an employe to do certain work for which he was employed and with which he is familiar, and by such order the method of performance is left to the employe, is not such an order as will relieve him from the law of assumed risk, or of the law of contributory negligence. To have the effect to relieve him of the law of assumed risk the order must be a specific order to do a particularly dangerous act outside of the line of his employment, or to do a particular work in a particular manner calculated to cause him injury. *King v. Illinois Midland Coal Co.*, 158 Ill. App. 351; *Kolp v. Decatur Ry. & L. Co.*, 145 Ill. App. 645; *Illinois Central R. Co. v. Sporleder*, 199 Ill. 184.

The knowledge of the danger to the employe in carrying out such an order must also be so slight or so wanting that the order of the master really misled the employe by having the effect to assure him that the master is not ordering him to encounter real and imminent danger. If he fully comprehends the danger and knows that it is imminent, the master's order in such case is no exception to the law of assumed risk. As there was no proper count in the declaration based upon a negligent order, and no evidence upon

which to predicate a finding that a negligent order was given by plaintiff in error's foreman, no instructions should have been given as to the law in case of a negligent order. It was, therefore, error in the court to give defendant in error's instruction No. 27. The first part of that instruction is also erroneous in declaring "that while the plaintiff assumed all the ordinary risks or hazards incident to his employment of which he was informed, or by the exercise of reasonable care he could have informed himself." The servant assumes all the ordinary risks or hazards of his employment that are usually incident to it, and the extraordinary hazards of which he has notice, or which in the usual exercise of his faculties he ought to have noticed.

It is the duty of the master to exercise reasonable care to give his employe due and timely warning of all the dangers and hazards of his employment that are, not open and obvious, only in such cases as the employe is ignorant of such dangers and hazards. If it be conceded that the declaration charged a duty to warn defendant in error of the dangers in question, and that he was injured by reason of plaintiff in error failing to perform that duty, it was nevertheless error for the court to give instruction No. 26, stating that it is the duty of the master to exercise a reasonable care to give his employe due and timely warning of all dangers and hazards of his employment that are not open and obvious. It should have been qualified by limiting it to all such dangers of which the employe was ignorant. That instruction is also erroneous because it is a mere abstract proposition of law not directly applied to this case, undertaking to state in abstract propositions when a verdict should be given against a master for personal injuries, and No. 34 is subject to the same objection. So much has been said by the Appellate and Supreme Courts against the vice of giving such instructions in which necessarily the existence of some or several of the facts are assumed without requiring

the jury to find that they exist from the evidence in the case, that it hardly appears to be excusable conduct for any attorney to formulate and offer any such instructions to be read to a jury.

Instruction No. 33, defining fellow-servants, is inaccurate in the manner pointed out by defendant in error, and instruction No. 10, as offered by plaintiff in error, was a proper instruction, towit:

"That if you believe from the evidence in this case that the negligence of a fellow-servant of the plaintiff, either alone or combined with the negligence of the plaintiff, was the proximate cause of the injury complained of, then the plaintiff cannot recover and you should find the defendant not guilty."

The court erroneously gave the instruction with a modification added in these words:

"Unless the master was also negligent and that such negligence, if any, combined and co-operated with the negligence of a fellow-servant to bring about the injury and that the plaintiff was in the exercise of ordinary care for his own safety."

As modified, the instruction was misleading and apparently contradictory in its propositions. The plaintiff could not very well be in the exercise of ordinary care for his safety if his own negligence combined with the negligence of a fellow-servant was the proximate cause of his injury. One idea apparently presented by the instruction is that if the combined negligence of the three persons therein referred to was the proximate cause of the injury, defendant in error could recover provided he was exercising reasonable care. The instruction should have been given as asked without confusing the jury by adding another proposition of law in a way that neither the one asked nor the one added might be properly understood by the jury.

The other alleged errors complained of, the alleged improper examination of a juror and the court's denial of the applications for a continuance, are untenable, and as they may not recur in the next trial, no

discussion of them will be made here. The judgment of the Circuit Court is reversed, for the errors indicated, and the cause is remanded.

*Reversed and remanded.*